E. H. HOLMES *v.* R. H. CLARK AND T. J. HUBBARD.

[ IN CHANCERY. ]

*Interpleader.    Trustee Judgment.*

The orator gave his promissory note to A. on time. Before it became due, the defendant H. sued A., and trusteed the orator. A. was defaulted; but the orator appeared and made full disclosure as trustee, and stated all he knew about the ownership of said note, and was adjudged trustee for the full amount th reof, which judgment remained unsatisfied  The orator had no notice before judgment, except from A., that the note had been transferred, or that any one other than A. claimed to own it. After judgment, one C. notified the orator that he owned the note, and claimed that he notified the orator thereof before the commencement of said trustee suit, and when the note matured, T., in behalf of said C., demanded payment thereof, which the orator refused. Afterwards, the defendant C., claiming to be the lawful bearer of said note, brought suit thereon against the plaintiff. A bill to compel the defendants to interplead, and to enjoin the defendant C. from prosecuting his said suit, and H. from enforcing said judgment against the orator, and praying that said note be surrendered to the orator upon payment of the amount thereof into court, was dismissed for want of equity.

APPEAL from the court of chancery.    The bill alleged that on the 23d of December, 1871, the orator executed his promissory note for $57.50, payable to Eugene Ainsworth, or bearer, at the orator's residence, on the 23d of September, 1872 ; that T. J. Hubbard brought suit against the said Ainsworth, returnable before a justice of the peace on the 13th of March, 1872, wherein the orator was summoned as trustee ; that prior to making his disclosure in said suit, the orator had never been notified, except by the said Ainsworth, that said note had been assigned, or that any person other than the payee thereof, claimed to own it ; that on the return day of said suit, the orator appeared and made full disclosure, and stated all the facts within his knowledge concerning the ownership of said note ; that judgment was then rendered therein against the said Ainsworth by default, and the orator adjudged trustee for the full amount of said note ; that said judgment against the orator remained in full force and unsatisfied, and that the said Hubbard was threatening to enforce the same ; that on the 24th of said March, the orator received notice from one Cook, of Rutland, that he owned the note, and forbidding the

orator's paying the same to any other person, and claiming that he notified the orator of his ownership of the note, before the service of said trustee writ upon the orator; that one Town, claiming to act for said Cook, demanded payment of said note of the orator, at maturity, and that the orator declined to pay it, because he was not sure that said Cook was lawfully entitled to it; that said Hubbard's attorney had notified the orator not to pay said note to said Cook, and demanded payment thereof to said Hubbard; that one Clark, of Morristown, claiming to be the lawful bearer of said note, commenced suit therein against the orator on the 14th of January, 1873, returnable before a justice of the peace on the 27th of said January, which said suit was still pending. The bill further alleged, that the orator was ready and willing to pay said note at its maturity, to said Hubbard, Cook, or Clark, if he could have safely done so, and that he had frequently asked them to permit him to pay it to some of them, which they refused to do; that he was ready to pay the amount of said note into court, or to such person as the court should direct. *Prayer*, that said Clark be enjoined from prosecuting his said suit; that the defendants interplead, and that said note be surrendered to the orator, upon payment of the amount thereof into court; and that said judgment against the orator be discharged, and the said Hubbard enjoined from enforcing the same; and for general relief.

The defendant Clark demurred to the bill for want of equity. The court of chancery, at the March term, 1873, PECK, Chancellor, although regarding that the orator had equity in his case as made by the bill, which entitled him to relief, if not technically barred by the judgment at law, for the purpose of having the question of such legal bar determined before incurring the expense of litigating the facts, dismissed the bill, *pro forma*, without costs. Appeal by the orator.

*S. C. Shurtleff*, for the orator.

The orator is entitled to relief. He has already been sued by the defendant Clark, and the defendant Hubbard is threatening to commence an action against him; this right is given by § 45, ch. 34, of the Gen. Sts. This clearly brings this case within the

jurisdiction of a court of chancery by bill of interpleader. 2 Story Eq. Jur. § 806 ; *Gill* v. *Cook et al.* 42 Vt. 140.

The orator has no remedy at law ; or at least it is uncertain. *Spafford* v. *Page*, 15 Vt. 490 ; *Seward* v. *Heflin*, 20 Vt. 144 ; *Marsh* v. *Davis*, 24 Vt. 363. Therefore the court have jurisdiction. 1 Story Eq. Jur. §§ 32, 33, and cases there cited. The statute of this state in relation to trustee process in cases where there is a claimant, is in the nature of a bill in equity, and the object sought by this bill is, to carry out the spirit of the statute in a case which the statute has not provided for.

This bill is not brought to try any right that has ever been settled by a court of law. *Woodruff* v. *Taylor*, 20 Vt. 65.

The only real question in this case is, does the bill set forth such a state of facts as entitles the orator to relief by reason of fraud, accident, or mistake. The orator ought not to suffer because there are facts which he did not know when he made his disclosure as trustee, especially, as the defendants will now have the same right to litigate their title to the property they would have had if the facts had all been known, and the claimant cited in before the justice. This comes within the rule in *Burton* v. *Wiley*, 26 Vt. 430 ; and especially within *Hamilton* v. *Marks*, 19 Eng. Law & Eq. 321 ; *Paddock* v. *Palmer et al.* 19 Vt. 581 ; *Dunham et al* v. *Downer et al.* 31 Vt. 249 ; 2 Story Eq. Jur. § 1574.

The defendant Hubbard has not obtained a final judgment. Whether he would recover of the orator at law or not, depends upon future litigation ; therefore the orator is entitled to the relief sought, to prevent a multiplicity of suits.

*J. A. Wing*, for the defendant Hubbard.
*Powers & Gleed*, for the defendant Clark.

The bill does not present a proper case of interpleader. The defendant Hubbard has recovered a valid judgment against the orator, which is not open to examination by the court of chancery. That judgment is final and conclusive, and there is nothing for Hubbard to litigate with Clark. If there is to be any litigation, it must be between the orator and Clark. The trustee cannot

go into chancery for relief in case of forgetting the day of court. *Warner* v. *Conant*, 24 Vt. 351; *Earl of Oxford's Case*, 3 Lead. Cas. Eq. 183, 184, and cases cited. The case of *Lincoln* v. *Rutland & Burlington R. R. Co. et al.* 24 Vt. 639, seems to be a case decisive of the case at bar.

The decisions in chancery are uniform, that equity will not interfere to set aside a judgment of a court of law, except for the fraud or wrongful act of the other party. See the cases referred to in *Warner* v. *Conant, supra*. The orator had sufficient notice before he was trusteed, to put him on inquiry. He should have notified Cook that he had been trusteed. By his own laches or misconduct in court, or by his fraudulent collusion with Hubbard, he has brought himself where equity will not relieve him. *Simpson* v. *Lord Howden*, 3 My. & Cr. 108; cases cited in *Earl of Oxford's Case*, 3 Lead. Cas. Eq. 167. If the orator had been guilty of no misconduct in the conduct of his case with Hubbard, that judgment would have been a bar against Cook. *Marine Insurance Co.* v. *Hodgson*, 4 Cranch, 336; *Day* v. *Cummings*, 19 Vt. 496; *Emerson* v. *Udall*, 13 Vt. 477.

A demurrer to this bill will be upheld, because the bill does not offer to bring the money into court. 1 Mad. Ch. Pr. 144; *Livingston* v. *Boylston*, 2 Vesey, Jr. 109; Eq. Draftsman, 204, note.

The opinion of the court was delivered by

Ross, J. The Gen. Sts., ch. 34, § 47, provides: "All negotiable paper, whether under or over due, may be attached by, and the same is subject to the operation of, the trustee process, unless it shall appear that the same had been negotiated, and notice thereof given to the maker or indorser before the service of the trustee process on him." By the language and scope of this statute, the payee of a negotiable promissory note is to be treated as the owner thereof, and the debt evidenced by the note is subject to attachment by the trustee process as his property, until the payee has negotiated the note, and the purchaser has given the maker notice of such purchase. Such has been the construction of this statute by numerous decisions of this

court. If the purchaser fail to give the requisite notice of the purchase before the service of the trustee process on the maker, the note and the indebtedness evidenced by it, is lost to the purchaser, by his neglect to give the notice. If the purchaser gives the requisite notice, the maker at that moment ceases to be the debtor of the payee, and at once becomes the debtor of the purchaser. The trustee process can no longer reach any indebtedness of the maker to the payee, because he is no longer a debtor of the payee. By the statute the notice is to be given by the purchaser to the maker or indorser of the note, that is, to the debtor, the one subject to the trustee process. Hence, as the law places him, the maker of a note always has knowledge of the person to whom he is indebted. When served with the trustee process, by his disclosure he can always state whether he is indebted to the defendant in the suit or not. It may not always be easy for him to determine whether his indebtedness evidenced by his negotiable paper, has been honestly negotiated or not, and also, whether the notice he has received of its transfer, is, in law, sufficient or insufficient. In such a case, the statute has provided that the claimant may voluntarily appear ; or if he refuse to appear voluntarily, he may be cited in, and compelled to have his rights to the indebtedness in the trustee's hands determined in a manner which will bind all the parties interested in the debt owed by the trustee. If the trustee fail fully to discharge the duty which the law imposes on him in regard to making his disclosure, and therein setting forth all the facts within his knowledge which would affect his liability to be held as trustee in the suit, he might be adjudged the trustee of the payee of the note, and such judgment not be a protection against the collection of the indebtedness in a suit in favor of the transferee of the note. But it will be, not because the law has not provided him with a shield with which he might protect himself, but because, by neglect, he has failed to avail himself of the protection of that shield. If he is adjudged the trustee of the payee of the note by a court having jurisdiction, after having disclosed according to his legal duty, such judgment and the payment thereof, ought, and we think, would be a perfect pro-

tection to him when sued by such transferee. Although this latter point was not fully before the court in *Seward* v. *Heflin*, 20 Vt. 144, and *Marsh* v. *Davis*, 24 Vt. 363, yet the court intimate that the law is as before stated. In the suit in favor of *T. J. Hubbard* v. *Ainsworth* and the orator as his trustee, it has been determined that as between Hubbard and the orator, at the time of the service of the trustee process on the orator, the indebtedness evidenced by the orator's promissory note to Ainsworth, was the property of Ainsworth. By that judgment, the *status* of the orator's indebtedness, as evidenced by the note in question, was determined and fixed between the parties to that suit. *Woodruff* v. *Taylor*, 20 Vt. 65. Whether it has been so determined as to bind Cook, or his representative, Clark, will depend upon whether the orator, in that suit, and in the matter of his disclosure, fairly discharged towards Cook the full measure of duty which the law imposed upon him.

If the orator did not disclose fully, or did not fully discharge his duty to Cook in that proceeding, then, although the orator is liable to pay the amount of his note given to Ainsworth, to Hubbard, because in Hubbard's suit it has been determined that it was the property of Ainsworth, he may also be liable to pay it to Clark as the representative of Cook; not because of any failure in the statute to make provision for the orator's protection, but because the orator has, through his own neglect, failed to avail himself of the provisions of the statute. The court of chancery cannot relieve the orator from the consequences of his own neglect or forgetfulness. *Warren* v. *Conant*, 24 Vt. 351. In the case cited, the orator was summoned as the trustee of a party whom he did not owe, but forgot the day of court, and was adjudged trustee, and came to the court of chancery to be relieved from that judgment. The court held it could furnish him no relief from the consequences of his own neglect. By the orator's bill, he asks to have Hubbard enjoined from collecting this judgment against the orator as the trustee of Ainsworth, if it shall be found by the interpleading of Hubbard and Clark that as between Hubbard and Clark, the latter is entitled to have the note paid to him; that is, he asks to have Hubbard's right to that debt as established at law in the trustee suit between Hub-

bard and the orator, set aside and annulled by the court of chancery. The court of chancery sometimes affords a party relief against a judgment at law which has been procured by the fraud of the opposite party, or to which the party has been, without fault on his part, prevented from making his defense at law, by inevitable accident or mistake. *Earl of Oxford's Case,* 3 Lead. Cas. Eq. 167; *Emerson* v. *Udall,* 13 Vt. 477; *Day* v. *Cummings,* 19 Vt. 496; *Burton* v. *Wiley,* 26 Vt. 430; *Dunham et al.* v. *Downer et al.* 31 Vt. 249. The orator, by his bill, does not bring himself within any of these grounds for relief against the judgment against him in favor of Hubbard. In a proper bill of interpleader the orator should stand in such a relation to the fund and the defendants that upon paying the fund into court, he is entitled to withdraw from the suit, and leave the defendants to establish their respective rights to the fund between themselves. This might be the orator's condition if Hubbard and Clark were each claiming a payment of the note to himself by an assignment from Ainsworth, and the orator was in doubt as to which assignment was valid, and to whom he was legally bound to pay the note. The orator does not stand in this relation to the defendants. By his own act and disclosure in the suit at law, he has helped determine his liability to pay the note to Hubbard. He has thus become an interested, if not a necessary, party in the determination and settlement of the respective rights of the defendants to the amount due from him on the note. He, in order to be relieved, must either establish that his disclosure in the trustee suit was true, and for that reason he is not indebted to Clark on the note, in which case he can successfully defend at law against Clark's suit; or he must show that he failed to procure his discharge as the trustee of Ainsworth, through the fraud of Hubbard, or through some inevitable accident or mistake, without his fault, in which case Clark is an unnecessary party to this suit. In a bill of interpleader the right of either defendant to the fund, should not have been determined in a suit at law. 2 Story Eq. Jur. § 806. From any view of the case, we think the decree of the court of chancery dismissing the bill was correct, and that decree is affirmed, and the cause is remanded, to have that decree perfected.