FRENCH v. ROBRCHARD AND OTHERS.

[IN CHANCERY.]

*Bill of Interpleader.*

The orator's agent made a contract with R., one of the defendants, by which R. was to do certain work. R. sub-contracted with O. and others, who applied to said agent for an assurance that they should be paid, which he gave. R. at some time assigned his right under the first contract; and said agent paid the money earned by O. to O's widow. The assignees brought an action in R's name against the orator for the contract sum, wherein the orator alleged his payment to O's widow, and his promise to O's co-contractors, but the assignees recovered, nevertheless, for the whole sum. *Held*, that a bill of interpleader against R., the assignees, and the sub-contractors, would not lie, as well because the orator's liability had been adjudicated, as because he was a necessary party to the controversy.

APPEAL from the Court of Chancery. The bill alleged that in 1873, George T. Wiswell, as agent of the orator, made a contract with P. T. Robrchard by which the latter was to scatter a quantity of railroad ties along the route of the Montpelier & Wells River Railroad, from the Lake House to the Summit, for the sum of $541.20; that said Robrchard afterwards sub-let the whole of said contract to Charles Seveney, one Ober, since deceased, and another person whose name was to the orator unknown, but whom the bill prayed might be made a party; that before said Seveney and his co-contractors entered upon the performance of their said contract, they notified said Wiswell that they were poor

and unable to go on with the work under said contract, where-
upon said Wiswell, agent as aforesaid, with the knowledge and
consent of said Robrchard, and at his request, assured them that
he would see that they had the pay for their labor under said
contract, or that he would pay them when they entered upon and
completed said contract; that said Wiswell, agent as aforesaid,
afterwards paid to the widow of said Ober the sum of $121,
in part payment for the labor so by him performed; that said
Seveney claimed that the orator, by reason of the assurance of
said Wiswell, was indebted to him for the labor by him performed
under said contract, and threatened to bring suit against the
orator to recover the same; that the orator was informed, and
believed that after the contract for doing said work was completed,
said Robrchard assigned his claim against the orator thereunder to
Almon L. Clark, for the benefit of said Clark and John Buchanan,
and that they continued to own the same; that said Robrchard
was insolvent, and had left the state; that in 1874, a suit was
brought in the name of said Robrchard against the orator for the
contract price of the entire work, and, in 1875, a verdict obtained
for the full amount; that during the trial exceptions were taken and
allowed, and that the cause was passed to the Supreme Court,
where it was still pending; that if upon hearing therein the judg-
ment should be affirmed, the orator would be liable to an execu-
tion thereon; that said Clark and Buchanan, said Seveney and
the widow of said Ober, and said other person whose name to the
orator was unknown, each claimed what was due to him under
said contract; that the orator had no interest in the controversy
between said claimants, and was ignorant of their rights, and in
doubt as to whom the pay for said work belonged. *Prayer*, for
interpleader, and for an injunction against suit in the Supreme
Court, or any other suit for the recovery of money under said
contracts, and for further relief.

The plea of said Robrchard, Clark, and Buchanan admitted
the bringing of the suit alleged in the bill, by said Clark, in the
name of said Robrchard, and set out the bill of exceptions therein,
from which it appeared that question was made and evidence in-
troduced relative to the orator's liability upon the facts detailed

in the bill, and relative also to his liability alone in case of an alleged copartnership in the scattering of the ties between himself and said Wiswell; that the court directed the jury to return a special verdict in case they found such copartnership between the orator and said Wiswell, and proceed no further, but that if they failed to find such copartnership, they should inquire whether or not there was a new promise or undertaking on the part of the orator to said sub-contractors to pay directly to them, made with Robrchard's consent, so that they became the orator's creditors for the amount they were to receive for their work, in which case that amount should be deducted from the $541.20, but otherwise, the plaintiff should recover the full amount; that the jury returned a verdict for the full amount; and that such proceedings were thereupon had that final judgment was rendered upon the verdict against the orator, which remained in full force, and which the defendants insisted was conclusive in both law and equity until vacated.

To this plea the orator demurred. At the September Term, 1876, REDFIELD, Chancellor, the court overruled the demurrer, adjudged the plea sufficient, and dismissed the bill with costs.

Appeal by the orator.

*Heath & Carleton*, for the orator.

The bill is properly brought, and the plea insufficient. 2 Dan. Ch. Pract., 1567. The effect of the judgment at law was merely to establish the fact that the orator was indebted to Robrchard, and determine the extent of his indebtedness. There are several claimants under and by virtue of assignments, and each claimant threatens to collect his demand, and not being a party to that judgment is not thereby precluded. The bill is brought not to dispute the judgment, but to compel the several claimants to settle the priority of their claims, and so relieve the orator from vexatious suits at law. This may be done as well after as before judgment. *Fowler* v. *Lee*, 8 Gill & J. 358, and cases cited. Or after execution has issued, and even after payment of the money. *Nash* v. *Smith*, 6 Conn. 421.

*Leslie & Rogers,* for the defendants.

The orator's liability to Robrchard was settled by the judgment at law; and the orator cannot maintain this bill. *Holmes* v. *Clark,* 46 Vt. 22; *Lincoln* v. *Rut. & Burl. R. R. Co.,* 24 Vt. 639; 2 Story Eq. Jurisp. (Redfield's Ed.) ss. 806, 807; *Brown, admr.* v. *Wilson,* 2 Law & Eq. 294.

The orator does not bring, nor by his bill, offer to bring, the fund into court. That is essential to prevent its being an instrument of delay, as in fact this bill is. 2 Story Eq. Jurisp. s. 809.

The opinion of the court was delivered by

Ross, J. The judgment at law has definitively settled that the orator is indebted to defendant Robrchard, or his assignees Clark and Buchanan, in the sum of $541.20, and that he is not entitled to offset or have allowed in reduction of that sum the $121 which he claims to have paid Mrs. Ober, nor any sum which he may have agreed to pay Seveney, Ober and another for scattering the ties. All these matters were litigated in the suit at law. The orator alleges that he agreed to pay Seveney, Ober, and the other unknown man, for scattering ties, with the consent and at the request of Robrchard. If this be true, and such agreement was made before Robrchard had assigned the contract to Clark and Buchanan, and he had been duly notified thereof, any sum paid or agreed to be paid to Seveney, Ober, and the other workman, could have been shown in reduction of the sum stipulated in the contract to be paid to Robrchard. Although Seveney, Ober, and the other workman were not parties to the suit at law, it did not prevent the orator from litigating, and having therein determined his right to have deducted from the amount stipulated to be paid Robrchard the amount he had agreed to pay others out of that sum at Robrchard's request, before the contract was legally assigned to Clark and Buchanan. Having litigated the identical matters set forth in his bill, in the suit at law, and those matters having been adjudicated against him, we know of no law that will allow the orator to be reheard in a retrial of the same matters and questions in a suit in chancery, or that gives him the right to compel the defendants Robrchard, Clark and Buchanan

to retry and re-adjudicate their right to the sum found due them from the orator.

But more than this. If the suit at law had not thus definitively determined the obligation of the orator to pay the $541.20 to Clark and Buchanan as the assignees of Robrchard, the facts set forth in the orator's bill do not entitle him to maintain this bill of interpleader. He is not a disinterested party as to the claims of Seveney, Ober, and the other workman. If a bill of interpleader was awarded he could not pay the $541.20 into court and retire from the controversy. He admits that he contracted to pay Seveney, Ober, and the other workman, and he is a necessary party to the litigation, to determine the contract and its effect upon the amount due Clark and Buchanan as the assignees of Robrchard. He is also a necessary party to the controversy with Clark and Buchanan as to whether he agreed, if at all, to pay Seveney, Ober, and the other workman, before he was legally notified of the assignment of the contract to them. If he agreed to pay or advance to Seveney, Ober, and the other workman after he was legally notified by Clark and Buchanan that they were owners of the contract, he may be liable to pay Seveney, Ober, and the other workman, but have no right to have the amount found due them deducted from the amount stipulated to be paid Robrchard for doing the work. He is not a disinterested party to a controversy, if any exists, between Clark, Buchanan and Robrchard on the one side, and Seveney, Ober, and the other workman on the other, and hence not entitled to withdraw from the controversy on the payment of the money into court. In this respect the case falls within the principles announced in every elementary work, and in *Holmes* v. *Clark*, 46 Vt. 22.

The decree of the Court of Chancery is affirmed, and the cause remanded.