## NATHAN L. PARKER v. J. A. WILSON, APPT.

*Trustee. When judgment against will protect.*

1. A trustee must disclose fully and with the utmost good faith, or he cannot claim the protection of the judgment rendered on such disclosure.

2. W. sold P. a horse, which was exempt from attachment, and took in payment the note of P. to himself or bearer. August 31, W. transferred this note to B. in part satisfaction of a debt. Sept. 2, P. was summoned as the trustee of W. Sept. 17, B. notified W. that the note was his. Sept. 30, P. disclosed, and judgment was rendered against him as the trustee of W. In his disclosure he made no mention of the fact that the note was for a horse exempt from attachment, or that B. claimed to own the note. *Held,* that the judgment would not protect him against the enforcement of the note in the hands of B.

Trover for the conversion of a horse. Heard at the December Term of the Caledonia County Court, 1887, Taft, J., presiding, upon referee's report, and exceptions of the plaintiff thereto. Judgment for the defendant. The plaintiff excepts. The facts appear in the opinion.

*Geo. W. Cahoon* and *J. T. Gleason,* for the plaintiff.

The court which adjudged the plaintiff liable as the trustee of the defendant had jurisdiction of the parties and the subject matter; hence its judgment is binding, and cannot be attacked collaterally. *Fisher* v. *Williams,* 56 Vt. 587; *Porter* v. *Gile,* 47 Vt. 620; *Tappan* v. *Nutting,* Bray. 137; *Stearns* v. *Stearns,* 32 Vt. 678; *Spafford* v. *Page,* 15 Vt. 490; *Stearns* v. *Wrisley,* 30 Vt. 661; *Holmes* v. *Clark,* 46 Vt. 22, 27.

*Bates & May,* for the defendant.

The horse was exempt from attachment, and the debt for it evidenced by the note was not therefore subject to trustee process. R. L. sec. 1076; *Hastie* v. *Kelley,* 57 Vt. 293.

The plaintiff knew when he made his disclosure that Bugbee claimed to own this note. He also knew that the horse was exempt from attachment. He should have fully disclosed these

Parker v. Wilson.

facts. Not having done so, he is not entitled to the benefit of the judgment against him as trustee, which was the result of his own negligence or fraud. *Holmes* v. *Clark*, 46 Vt. 27; *Larabee* v. *Knights*, 69 Me. 370; *Smith* v. *Stratton*, 56 Vt. 362; McConnell's Trustee Pros. secs. 301, 386.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an action of trespass and trover for taking and converting one horse. It was found by the referee that on the 31st of August, 1885, the defendant sold said horse to the plaintiff, and in payment received of the plaintiff his note for $115, payable to the defendant, or bearer, in monthly installments, and his contract that the horse was to be and remain the property of the defendant until the note and interest should be paid.

On the same day the defendant transferred the note to one Bugbee to apply on a note that Bugbee held against the defendant and his wife, given for borrowed money, and Bugbee sent it and the contract to the town clerk to be recorded. On the 17th of September, Bugbee procured the note from the town clerk's office, took it to the plaintiff, and told him that he owned it, and that it must be paid to him. It was found that the horse at the time of the sale was exempt from attachment.

On the 2d day of September, 1885, a trustee writ was served on the plaintiff in a suit in favor of one Nesbitt v. the defendant, and the plaintiff, as trustee, and on the 30th of said September he was adjudged liable as the trustee of the defendant in the sum of $76.

Bugbee had no notice of the trustee suit until the 3d day of October, 1885. The disclosure made by the plaintiff on said 30th day of September was a general one that at the time of issuing the writ, he was indebted to the defendant in the sum of one hundred dollars, as specified in said note. No mention was made by him of the fact that he had been notified by Bugbee that he owned the note.

On the 7th of October, 1885, Bugbee applied to the plaintiff for the payment of the second installment due on the note, and

the plaintiff replied that he was ready to pay it, but had been trusteed. On the 7th of November, said installment not having been paid, Bugbee instructed the defendant to take the horse and surrender the note. The defendant under such instructions took the horse and tendered the note to the plaintiff. But he declined to receive it.

Upon that state of facts, the legal effect of the judgment so rendered against the plaintiff as the trustee of the defendant is to be determined.

It was the duty of the plaintiff, in making his disclosure, to have stated what it is found he knew of the claim that Bugbee had the note, and the security given for its payment, so that he might have had an opportunity to appear and assert his rights.

If Bugbee had appeared, and been admitted as a party in the suit, he might have shown that the consideration of the note was properly exempt from attachment, and that the payor of the note could not be held liable or chargeable as trustee. R. L. sec. 1076 ; *Hastie* v. *Kelley*, 57 Vt. 293 ; Drake on Attach., sec. 480.

While the law generally protects a trustee in those cases where it appears that he has once paid a judgment rendered against him, it at the same time exacts the utmost good faith on his part, and requires the disclosure of all the material facts affecting his liability, and the legal and equitable rights of other claimants of the funds in his hands. It was said in *Holmes v. Clark et al.*, 46 Vt. 27, if the trustee fails fully to discharge the duty which the law imposes upon him, in regard to making his disclosure, and therein setting forth all the facts within his knowledge, which would affect his liability as trustee in the suit, he might be adjudged trustee of the payee of the note and such judgment not be a protection against the collection of the indebtedness in a suit in favor of the transferee of the note. Drake on Attach., secs. 507, 508.

In *Larabee* v. *Knights*, 69 Me. 370, the duty of a trustee in making a disclosure to entitle him to protection under a judgment rendered upon it, was held to be as we have stated it.

*The judgment is affirmed.*