## JOSEPH A. WING, Admr. *v.* CHRISTOPHER S. SPAULD-ING AND OTHERS.

*Interpleader. Interest of orator. When objection may be made.*

1. A bill of interpleader will not lie if the orator has any interest in the fund.

2. Where the fund is the amount collected upon a non-negotiable instrument which one of the defendants gave the orator to collect upon the understanding that he should apply whatever was collected upon her indebtedness to him, he has such an interest in the suit that he cannot maintain interpleader.

3. This objection may be urged upon the coming in of a master's report after a trial upon the merits, when there has been no decree of interpleader, and some of the defendants have answered setting up the fact of interest in the orator.

This was a bill of interpleader and was heard upon the pleadings and a master's report at the March term, 1891, Washington county, Munson, Chancellor, decreed, *pro forma,* that the orator be discharged upon payment of the fund into court, and that the fund belonged to Mrs. Robinson.· The defendants Spaulding appeal.

The orator was the administrator of Mary A. Spaulding, and as such had collected $472, which was the fund in question, upon a non-negotiable instrument payable to his intestate. This fund was claimed by the defendant, Mrs. Robinson, for the reason that Mrs. Spaulding had given the instrument to her in her lifetime, and by the other defendants as the heirs of Mrs. Spaulding, who claimed that, if the gift was ever made, it was void by reason of the mental incapacity of the donor.

All the defendants, except the Robinsons, joined in an answer denying the gift, and setting forth that Mrs. Robinson was indebted to the orator, and had put this instrument into his hands to collect with the understanding that whatever was realized should be applied on that indebtedness, wherefore this bill of interpleader would not lie.

The case was referred to a master and a full hearing was had upon all the issues of fact involved. The master found, among other things, that the orator received the instrument from Mrs. Robinson upon the understanding that he should apply whatever he collected upon her indebtedness.

*J. A. Wing,* for the orator.

If a bill of interpleader cannot be maintained, the defendants have waived their right to make that objection by going to a trial upon the merits. *Holt* v. *Daniels,* 61 Vt. 89 ; *Waterman* v. *Buck,* 63 Vt. 544 ; citing *Lincoln* v. *Murphy,* 63 Vt. 278.

*W. P. Dillingham* and *E. A. Heath,* for the Spauldings.

The orator was the attorney of Mrs. Robinson in the collection of this fund, and he cannot have a bill of interpleader because some third person lays claim to the money of his client in his hands. *Marvin* v. *Elwood,* 2 Paige Ch. 374, 375.

Nor as administrator as between the heirs of the estate and an adverse claimant. *Adams* v. *Dixon,* 19 Ga. 513 ; *Blue* v. *Watson,* 59 Miss. 619, 626.

So long as he has any other remedy he cannot invoke this. *Oil Run Petroleum Co.* v. *Cady,* 6 W. Va. 525 ; *Dry Dock etc., Church* v. *Carr,* 2 Barb. 60 ; *McDonald* v. *Allen,* 37 Wis. 108.

Still further, the orator himself has such an interest in the fund that he cannot maintain the suit. *Hoggart* v. *Cutts,* 1 Cr. & Ph., 204, Cited in Dan. Ch. Pl. and Pr. 1753 ; *Horton Ex'r.* v. *Baptist Church,* 34 Vt. 313 ; *Bedell* v. *Hoffman,* 2 Paige Ch.

199; *Killian* v. *Trustees of Church,* 110 U. S. 568; *Lincoln* v. *R. & B. Rd. Co.,* 24 Vt. 640; *Hathaway* v. *Foy,* 40 Mo. 540; *How. Mch. Co.* v. *Gifford,* 66 Barb. 599; *Stevenson* v. *Anderson,* 2 Ves. & B. 410; *Mt. Holly Turnpike Co.* v. *Firree,* 2 C. E. Greene, (N. J.) 117, 122; *Starling* v. *Brown,* 7 Bush. (N. Y.) 164; *Manby* v. *Robinson,* L. R. 4 Ch. App. 347; *Blue* v. *Watson,* 59 Mass. 619.

Nor need this objection be made by demurrer. *Cullen* v. *Dawson,* 24 Minn. 66; *Yates* v. *Tisdale,* 3 Edw. Ch. 71; *Bank* v. *Bangs,* 2 Pai. Ch. 570.

*Wing* and *Fay,* for Mrs. Robinson.

The opinion of the court was delivered by

ROWELL, J.   This is a bill of interpleader, brought to compel the defendants to interplead in respect of money collected by the orator on behalf of the defendant Mrs. Robinson on a non-negotiable obligation given to her mother, the intestate, by her brothers, Christopher C. Spaulding and Nathan R. Spaulding, who are defendants, and who claim that the money belongs to their mother's estate and not to Mrs. Robinson, who claims it by gift from her mother in her lifetime.

The bill does not allege that the orator has no interest in the money, nor was there annexed to it an affidavit that the orator was not in collusion with any of the defendants; but no demurrer was filed.   Interpleader was not decreed, but the bill was answered, and all the defendants excepts Mrs. Robinson and her husband alleged interest in the orator and collusion by him with the Robinsons.   The case was referred to a special master to ascertain and report the facts on the issues raised by the answers, and on the coming in of the report the case was set down for hearing on bill, answers, and the master's report, and a decree was entered that the orator pay the money into court and thereupon be discharged from further liability in respect

thereof, with costs to be paid out of the fund, and that the fund belonged to Mrs. Robinson and be paid to her.

The master finds that when the orator took said obligation from Mrs. Robinson to collect, she verbally turned it out to him to apply, when collected, on her indebtedness to him, and it is objected that the bill cannot be maintained because of such interest in the orator.

The remedy of interpleader is intended for the relief of those only who occupy the position of mere stakeholders and are in danger of being drawn into a controversy in which they have no concern. It is, therefore, of the essence of an interpleader suit that the orator should be entirely indifferent between the conflicting claims, having no interest himself in the fund or other thing in dispute. Story's Eq. Pl. s. 297; 3 Dan. Ch. Pr. & Pl. 1754. The attitude of the orator in such a bill is thus defined by *Lord Chancellor Cottenham* in *Hoggart* v. *Cutts*, Cr. & Ph. 197: " The definition of interpleader is not, and cannot be, disputed. It is where the plaintiff says, 'I have a fund in my possession in which I claim no personal interest and to which you, the defendants, set up conflicting claims. Pay me my costs and I will bring the money into court and you shall contest it between yourselves.'" His relation to the controversy must be such that on interpleader decreed he can step out of the case altogether. When, therefore, the orator has a personal interest in the fund, his position is not one of indifference, and he cannot maintain his bill. And not only must he be disinterested when he brings his bill, but he must continue to be disinterested—his position must be one of "continuous impartiality."

But it is claimed that the objection of interest in the orator cannot be made now, but should have been made at an earlier stage of the case, before answer and trial on the merits. But in the absence of a decree of interpleader, we think the objection can be taken at the hearing. How it would be if such a decree had been made, we have no occasion to determine. In this con-

Joseph A. Wing, Admr. *v.* Christopher S. Spaulding and others.

nection it must be remembered that interest or want of interest is not mere formal matter, but goes to the very right of maintaining the bill.

In *Toulmin* v. *Reid*, 14 Beav. 499—S. C. 21 L. J. N. S. 391 — Sir John Romily, Master of the Rolls, held that it is open to a defendant in an interpleader suit to show at the hearing that the case is not one proper for requiring the defendants to interplead, and that he is not precluded by not objecting by demurrer nor on motion to pay the money into court. He says that otherwise, assuming the case to be one not proper for a bill of interpleader, the orator would have nothing to do but to suppress part of the facts, or to mistate them in such a way that the bill would not be demurable. It is true that the bill in that case was not dismissed, but it was because no one asked to have it dismissed. *Statham* v. *Hall*, 1 Tur. & Rus. 30, was a bill to compel the defendants to interplead in respect of a bond that had been deposited with the plaintiff for safe keeping. On the part of some of the defendants evidence was offered that plaintiff retained the bond under an indemnity from the other defendants. It was objected by the plaintiff that the evidence was not admissible, and in support of the objection it was argued that no evidence could be admitted on a bill of this description to affect the plaintiff, and the question of indemnity was not in issue between the parties. But the evidence was admitted as forming a material feature of the case, and the case was afterwards argued on the merits and the bill dismissed with costs. In *Yates* v. *Tisdale*, 3 Edw. Ch. 71, the bill was answered, and instead of taking the usual course of practice applicable to bills of interpleader, replications were filed and proofs taken, and the case fully heard on the merits. The *Vice-Chancellor* held it allowable practice to object at the hearing to the propriety of filing the bill, and considered and adjudged that question. In *Mount Holly, &c., Turnpike Co.* v. *Ferree and others*, 17 N. J. Eq. 117, no demurrer was filed, and the answers were addressed solely to the question of right raised by the bill.

No objection was made as to the propriety of the remedy. Evidence was taken, and the question elaborately discussed on its merits. On final hearing objection was first made to the form of the remedy. Supposing that the failure to file a demurrer and the acquiescence of the defendants had cured the difficulty and that the rights of all parties could be finally determined by the decree, the Chancellor prepared an opinion on the merits, holding the right to be clearly with the defendant Ferree, but on reflection he became satisfied that no final decree of that character could be made, and that it was not a case for interpleader at all, because the evidence afforded strong ground for presuming that there was collusion between the complainant and one of the defendants; and for that reason the bill was dismissed with costs.

We hold, therefore, that in the case before us the orator cannot maintain his bill because of his interest in the money in controversy.

No costs in this court will be allowed the defendants Robinson because they knew of the orator's interest but did not disclose it.

*Decree reversed and cause remanded, with directions to dismiss the bill with costs in this court to all the defendants except the Robinsons. Costs in the court below to be determined by that Court.*