CITY OF MONTPELIER *v.* CAPITAL SAVINGS BANK, C. F.

MORSE, TRUSTEE, ET AL.

January Term, 1903.

Present: TYLER, MUNSON, START, STAFFORD and HASELTON, JJ.

Opinion filed August 31, 1903.

*Interpleader—Interest of complainant—Demurrer.*

One who has in hand funds against which he has accepted orders, and which are claimed by the trustee in bankruptcy of the party giving the orders, has not such an interest in the funds as will prevent him from maintaining a bill of interpleader.

One cannot compel others to interplead whose relative rights depend upon a question of fact to be settled between himself and one of the parties, though he will not be affected pecuniarily by the decision of that question.

That the complainant is a necessary party to any controversy touching the amount of the fund is a valid objection to a bill of interpleader, and is well taken by demurrer.

APPEAL IN CHANCERY. Heard on demurrer to the bill, at the September Term, 1902, Washington County, *Watson,* Chancellor. Demurrer sustained and bill dismissed. The orator appealed.

*Frederick P. Carleton* for the orator.

The orator without fault on its part is put in a position where it cannot determine, without hazard to itself, to which of the defendants the fund belongs. *Cram* v. *McDonald,* 23 N. E. 991; *French* v. *Robrchard,* 50 Vt. 43; *Horton* v. *Baptist Church,* 34 Vt. 315.

*T. J. Deavitt* and *Edward H. Deavitt* for the defendants.

The orator is under an independent liability to one of the claimants, and cannot maintain the bill. McClennan Interpleader, 11, 24, 154; *Crawshay* v. *Thornton,* 2 Myl. & C. 1; *Lincoln* v. *Railroad Co.,* 24 Vt. 639; *Holmes* v. *Clark,* 46 Vt. 23; Cababe Interpleader, 22.

The orator's acceptance of the orders, though conditional, prevents its maintaining the bill. Fletcher Eq. Pl. & Pr., s. 773; *Insurance Co.* v. *Tucker* (R. I.), 49 Atl. 26; *French* v. *Robrchard,* 50 Vt. 43; *Bank* v. *Railroad Co.,* 46 Vt. 633; *Insurance Co.* v. *Pingrey,* 141 Mass. 411.

STAFFORD, J.   The city of Montpelier brings its bill of interpleader, and is met by demurrer. What the bill alleges is this: The city contracted with a firm in Massachusetts to build the city a school house for the price named. Before the house was completed, the firm went into bankruptcy, and neither the firm nor its trustee in bankruptcy did anything more under the contract; so the city went on and completed it as cheaply as it could, and, deducting from the contract price what it had already paid the firm and what it has since been obliged to pay to complete the work, it offers to bring into Court the balance, naming it. Before the firm abandoned the contract, it had drawn orders on the city in favor of several creditors who had furnished material, etc., towards the structure, and each of these orders the city had accepted conditionally upon its owing the firm the amount thereof after the payment of all previous orders. The holders of these orders are claiming payment, but the trustee is insisting that they were given in fraud of the bankruptcy act, wherefore the city should not pay them, but should pay the whole balance to him. The trustee and the order-holders are asked to interplead. With

them is joined another defendant, The Norwalk Lock Company, which claims to have furnished material upon the order and responsibility of the city, and has sued it at law therefor. This party holds no order, and does not look to the fund itself, but to its own contract with the city. The city does not say whether it is directly responsible to this party or not, but says that, if it is, it will add so much to the cost of completing the building, and deduct it from the balance before named, in which case the amount will be insufficient to pay the orders in full. The trustee claims that these materials of the Lock Company were bought by the firm itself before the latter filed its petition in bankruptcy.

It is well settled that to maintain a bill of interpleader, the complainant must have no interest in conflict with that of either defendant, but merely hold a fund or owe a debt or duty which he is ready to pay or discharge in favor of the rightful claimant, whichever he may be. *Wing* v. *Spaulding,* 64 Vt. 83, 23 Atl. 615.

It is objected, in the first place, that the complainant is not a disinterested party, in this: that by reason of accepting the various orders it is "a necessary party to determine the effect of such acceptances." But upon the facts admitted by the demurrer there is no question as to the effect of the acceptances between the complainant and the order-holders. Excluding from consideration the Lock Company's claim, of which we shall speak hereafter, the fund is sufficient to pay all the orders, and the only question is whether the complainant shall pay the amount thereof to the respective holders, or pay the fund to the trustee in bankruptcy; and that is the question which the complainant asks to have the holders and the trustee settle between themselves. Hence we think this objection is invalid.

But, in the second place, it is objected that the Lock Company's claim against the complainant being upon a liability independent of the fund, the complainant is not entitled to maintain the bill because it is not entitled, upon payment of the fund into Court, to be released from all further responsibility. The rule is thus expressed in the Enc. of Pl. & Pr., Vol. II, p. 459: "Interpleader will not lie if the plaintiff has incurred some personal obligation to either of the defendants, independent of the title or right to possession, because such defendant would in that event have a claim against him which could not be settled in a litigation with the other defendants,"—a proposition abundantly supported by authorities. The reason urged by the demurrants, however, will not bear inspection. They say that, if an interpleader were ordered, and it should be determined that the complainant is under direct liability to the Lock Company, the latter would have no means of collecting a portion, at least, of its debt, since by depositing the fund in Court the complainant cancels all its obligations, leaving each claimant to get what he can from the fund, whereas the fund is not sufficient for the payment of all. But such is not the situation, for the Lock Company, if it got any of its claim, would get all, and the order-holders would be the losers, since they are entitled to be paid only from the balance remaining when the contract is performed. The fund which the complainant would bring into Court to be contended for between the order-holders and the trustee is uncertain in amount by reason of the uncertainty that exists in regard to the Lock Company's right to be paid; and this uncertainty consists in the doubt as to whether the complainant became liable to the Lock Company. The real question, then, is whether one can compel others to interplead when their relative rights depend upon a question of fact to be settled between

himself and one of the parties, even though he will not be affected pecuniarily by the decision of that question. Here the complainant will not be affected pecuniarily, because it is bound to pay only the ultimate balance; but whether that balance shall go all to the trustee or all to the order-holders, or part to the order-holders and part to the Lock Company, is the question. The latter branch of it—whether a part is to go to the Lock Company rather than to the order-holders—is a question which the complainant must determine for itself, for it must be supposed to know whether it engaged to pay the Lock Company, and cannot cast upon others the burden of settling that question.

It will be observed that the order-holders and the trustee both claim through the building firm, while the Lock Company does not. In other words, there is no privity between the latter and the other defendants. There is strong, if not uniform, authority for holding that some sort of privity is indispensable. See the cases cited 11 Enc. Pl. & Pr. 449. But, whether that be unqualifiedly true or not, we hold that a bill of interpleader will not lie where the complainant is beset with a claim founded upon his own alleged promise, merely because there is a third party, who, instead of the complainant, must ultimately be the pecuniary loser if the claim is established, for the former has a right to litigate the question with the party who became bound to him, and need not concern himself with the question of right between the complainant and such third party. *Holmes* v. *Clark,* 46 Vt. 22; *French* v. *Robrchard,* 50 Vt. 43; *North Pacific Lumber Co.* v. *Lang,* 28 Oregon 246, 52 Am. St. Rep. 780, at 787 and 788.

There is a third objection which, perhaps, should be considered in view of the situation of the parties and the course to be taken hereafter in this case. It is said that the complainant

is not a disinterested party, in this : that it is interested to prove that the building could not have been completed for less than it expended in completing it; in other words, that it is a necessary party to any controversy touching the amount of the fund that should be brought into Court. We think this objection also is valid, and that it is well taken by demurrer, without an answer putting the amount of the fund in controversy; for it appears from the bill itself that the fund consists of an unliquidated sum, depending upon the determination of the question how much the contracting firm had earned by its partial performance of the contract. To any litigation touching that question the city is a necessary party.

*Decree affirmed and cause remanded.*

