## State of Vermont v. Lawrence C. Rogers et al

[193 A.2d 920]

May Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed May 7, 1963

Reargument denied October 1, 1963

*Louis P. Peck,* Legal Assistant to the Attorney General, for the State of Vermont.

*Gelsie J. Monti* for Cassellini-Venable Corp.

*Black & Plante* for American Fidelity Co.

*Louis F. Oberdorfer,* Assistant Attorney General, and *Lee A. Jackson, Joseph Kovner* and *George F. Lynch* for the United States.

**Barney, J.** At the request of the parties disposition of this appeal was stayed pending the determination of a related case entitled *Casellini-Venable Corporation* v. *Lawrence Rogers,* 123 Vt. 427, 192 A.2d 458, heard at the January Term, 1963.

This is an action of interpleader instituted by the State of Vermont. The defendant Rogers was a contractor who defaulted in per-

formance of a road construction contract. As a consequence, his surety, defendant American Fidelity Company, was required to finance the completion of the project. The State of Vermont has in its possession an amount of money representing the unpaid balance due on the contract, now fully performed. This money is claimed in whole by American Fidelity Company on account of its performance under the surety bond; in part by defendant Casellini-Venable Corporation on the basis of a default judgment obtained against Rogers, with the State of Vermont named as trustee; and in part by the United States because of certain tax liens filed against Rogers. Other claimants against Rogers were also seeking shares in this money and were joined below, but are taking no part in this appeal. The State of Vermont takes the position it is a mere stakeholder and, having cited in all claimants, asked the chancellor to tell it how to distribute the funds. The appealing parties disagree with each other and with the chancellor about the proper priorities of payment. His decree honored the claim of Casellini-Venable Corporation and gave the balance to the American Fidelity Company, thereby giving the surety priority over all of the tax liens of the United States.

Except for one issue which will be noted, raised by American Fidelity, no complaint about any of the findings has been raised before this Court. The facts they reveal are as follows:

On July 18, 1958, Lawrence Rogers contracted with the State of Vermont to construct a certain highway project in Middletown Springs. On the same date the American Fidelity Company, as surety, executed appropriate compliance and labor and materials bonds. Included in the transaction were agreements subrogating the surety to all of Rogers' rights and assigning the surety all money due and payable on or after the date of any default. On November 17, 1958, Cassellini-Venable Corporation brought suit against Rogers, trusteeing the State of Vermont the same day. By its disclosure the State acknowledged itself then indebted to Rogers in the amount of $5,052.11, but did not accordingly retain in its hands any of this money. Instead, between November 19 and December 4, 1958, it appears that the State paid over to Rogers all money due him under the contract up to that time, amounting in all to $9,729.45. The Casellini-Venable claim did not arise out of the highway project, but was based on a conditional sale contract and note relating to some construction equipment previously purchased.

On June 17, 1959, Rogers notified the surety that he did not have the funds to pay his employees or complete the highway project. The next day Casellini-Venable took judgment against Rogers by default and against the State of Vermont as trustee in the amount of $5,052.11. On June 19, 1959, the American Fidelity Company notified the State of Vermont that it was financing the completion of the project in accordance with its bond, and was, therefore, claiming all funds then due and to become due to Rogers. In response to this notice, the State then withheld all subsequent contract payments, commencing with $864.00 due July 6, 1959, which was the first money shown as accruing to Rogers since he had been paid December 4, 1958. The amount withheld reached $18,995.17, and is the stake at issue here.

The tax liens on which the United States bases its claim consist of one assessed May 1, 1959 and recorded July 10, 1959 in the amount of $1,213.67, and a group assessed between December 11, 1959 and December 16, 1960, recorded February 9, 1961 amounting to $3,056.64. On October 29, 1959, the State accepted the completed project. Completion was made possible through advances totaling $16,213.34 for materials, supplies and labor made by the American Fidelity Company on or after June 19, 1959 and prior to the acceptance of the project. The findings do not refer to any individual payments making up a part of the total advanced by the surety, much less identify any by date or amount.

A principal concern of the briefs and arguments of the several parties related to the standing of the Casellini-Venable judgment. American Fidelity called attention to a defect in the original return of service and challenged the validity of the final order in that action. The surety took exception to a finding that gave that judgment standing as a claim in this interpleader action. As a consequence, a petition to amend the officers's return was brought before the trial court that granted judgment. The officer was allowed to amend his return under the supervision of that court, and its order was confirmed here in *Casellini-Venable Corporation* v. *Rogers,* 123 Vt. 427, 192 A.2d 458. The issues involved are fully treated in that case and need not be repeated here. The amended return merely corrected the officer's statement of what he did with the process to conform to his actual acts. The judgment therefore stands, for the purposes of this appeal, as valid and well founded, since proper service was, in fact, made on the defendant Rogers in commencing the action.

The competing claims for the money in the hands of the State are all admittedly rightful. The difficult duty of courts in cases of this kind is to determine the order in which they shall be satisfied. In so doing, it becomes inevitable that financial loss will come to one or more of the parties in spite of the validity of their claims. It is the insufficiency of the available assets that forces the choices, just as that same insufficiency provoked the interpleader action. This was pointed up when, in April 1961, Rogers filed a debtor's petition in bankruptcy.

It must be acknowledged that this insufficiency occurred because the State of Vermont failed to fulfill its responsibility as trustee. When the legislature, in 12 V.S.A. §3013, provided that the State of Vermont might be summoned as trustee, it put upon the State the duty of abiding by the requirements of trustee process. In this case, as we have seen, after filing its disclosure, the State did not impound or set apart the funds in its hands which it acknowledged it then had. Instead, according to the findings, it paid them over to Rogers, in violation of its duty under 12 V.S.A. §3013 to hold such funds to respond to final judgment. To be protected, the State, like any other trustee, should await judgment before making payment, unless legally authorized in some manner to do otherwise. As to the funds disclosed, the State of Vermont became a stakeholder charged with the duty of holding the funds until directed, by judgment, to pay them over. *Peck* v. *Monahan*, 87 Vt. 312, 314-5, 89 Atl. 358.

In order for an amount due to be properly disposed of by interpleader, the one owing the money must have no interest in the competing claims. He must be able to withdraw from the controversy on the payment of the money into court. *French* v. *Robrchard*, 50 Vt. 43, 47. As to the claims of the United States and the American Fidelity Company against the funds presently held by the State of Vermont, this requirement is satisfied, and the bill may be maintained.

The relationship between Casellini-Venable Corporation and the State of Vermont is different. If the State has failed to carry out the duties which the law imposes upon trustees, the judgment against it as trustee may not avail to protect against claims deriving from or through Rogers. *Parker* v. *Wilson*, 61 Vt. 116, 118, 17 Atl. 747. In other words, an obligation to satisfy the trustee judgment may be-

come a direct charge against the resources of the State of Vermont. In the presence of a debtor-creditor relationship, the State cannot, as between itself and Casellini-Venable Corporation, claim that disinterest essential to the proper interpleading of Casellini-Venable Corporation. *Wing* v. *Spaulding,* 64 Vt. 83, 86-88, 23 Atl. 615; *French* v. *Robrchard,* 50 Vt. 43, 47. To allow it to do so would be to authorize interpleader in a case where the stakeholder might have a pecuniary interest in having the stake distributed in a particular manner. This is not the purpose of the action.

Furthermore, since the claim of Casellini-Venable Corporation does not arise out of a right associated with the withheld funds themselves, the only claim that it can have must derive from the lien imposed by the trustee process. But that lien applies only to funds reached by the operation of the process as an attachment. *Hartford Life Ins. Co.* v. *Weed,* 75 Vt. 429, 431, 56 Atl. 97. The trustee process involved here did not attach the funds in question in this interpleader action.

The State of Vermont, by interpleader, would impress upon these funds an obligation unrelated to them, in order to discharge what may be a direct claim against the State itself. This is a matter subject to independent resolution between the State of Vermont and the Casellini-Venable Corporation, as to which the claimants American Fidelity Company and the United States have no interest. Even if the burden of paying this direct claim did not fall upon the State of Vermont, but upon some third party, it would not become a proper matter for interpleader. *Montpelier* v. *Capital Savings Bank,* 75 Vt. 433, 437, 56 Atl. 89, 98 Am. St. Rep. 834.

The funds held by the State of Vermont are properly a stake to be distributed in an interpleader action, as between the United States and the American Fidelity Company, so far as the parties before us are concerned. The Casellini-Venable Corporation claim does not qualify for interpleader and must be resolved separately. Since the funds are sufficient to reimburse the American Fidelity Company for its advances of $16,213.34, and also to satisfy the United States claim of $1,213.67, further resolution of the priorities between them is unnecessary. It is the view of this Court that the circumstances under which this litigation arose militate against the awarding of costs to

the State of Vermont. However, in view of the probable existence of a small balance in the hands of the State after satisfaction of the proper claims of the American Fidelity Company and the United States, the matter is being remanded for a new judgment order.

*Judgment reversed, and cause remanded for a judgment order distributing the funds presently held by the State of Vermont in accordance with the views expressed in this opinion, as the interests of the parties appear; the defendants American Fidelity Company and United States also to recover their costs.*