**Walker Process Equipment Company, Inc. v. Cooley Building Corporation and Continental Insurance Company**

[278 A.2d 714]

No. 49-70

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed June 1, 1971

*Theriault & Joslin,* Montpelier, for Plaintiff.

*McNamara, Fitzpatrick & Sylvester,* Burlington, for Defendant.

**Shangraw, J.** In the month of May, 1966, the Village of Northfield, Vermont contracted with Cooley Building Corporation, the prime contractor, for the construction of a sewage treatment facility to be located in Northfield, Vermont. In connection with the execution of this contract the Continental Insurance Company, as surety, by one of its subsidiary and owned corporations, The Fidelity and Casualty Company of New York, and Cooley Building Corporation, as principal obligator, executed and delivered to the Village of Northfield, a labor and materials bond.

Cooley Building Corporation then entered into contracts with various sub-contractors, including Walker Process Equipment Company, Inc., plaintiff and appellee herein.

On February 20, 1968 the Cooley Building Corporation negotiated with the Chittenden Trust Company for a loan of $70,000.00. Prior to the granting of the loan the Village of Northfield consented to an assignment by the prime contractor of sums due or to become due under the contract from the village to this contractor. This served as security for the loan. On March 20, 1969 the note was in default and the unpaid principal with interest amounted to $72,006.95.

On March 6, 1968, Cooley Building Corporation had substantially completed the construction but was in financial difficulty and could not meet its obligations under the contract.

By a bill of interpleader dated October 15, 1968 returnable in the Washington County Court of Chancery (Docket No. 1727), the Village of Northfield alleged that it was then indebted to the prime contractor in the amount of $68,759.19, being the balance due on the aforementioned contract.

In the interpleader action the plaintiff and the two defendants in this law action, now considered, were served as defendants. Included with the Chittenden Trust Company, creditors of the contractors and sub-contractors were also made defendants. In the chancery matter notice was given to all parties who were engaged in the construction of the sewage treatment plant for the filing of claims under the interpleader rulings of the chancellor. The plaintiff, Walker Process Equipment Company, Inc., did not appear, nor file any claim in the inter-

pleader action, although it had notice of the pendency of that action and the opportunity to file its claim.

The village of Northfield ultimately paid into court $91,-531.38. From this amount $1,000.00 was allowed the village for its expenses, costs and attorney's fees. By order of April 22, 1969 the chancellor ordered that the Chittenden Trust Company be paid out of the funds on deposit with the court and that the balance await the final order of the court. Continental Insurance Company also paid to the clerk of the court $31,-865.91.

Paragraph 1 of the chancellor's order stated:

"That the Clerk of the Court may pay out to those parties as shown by the attached schedule those sums of money set opposite their names from the funds paid into Court by said Continental Insurance Companies, and the payment and acceptance of same shall be in full and final satisfaction of each creditor of its claim for work, labor or other materials or other things done or furnished in connection with the construction of the sewage treatment plant of the Village of Northfield, and this order shall operate as a final judgment on all claims in connection with said construction project for each and every of the creditors so paid against Cooley Building Corporation and the said Fidelity and Casualty Company of New York (one of the Continental Insurance Companies) and the money so paid and received shall be in full and final satisfaction of such judgments."

Following is a quotation from paragraph 4 of the order.

All persons named as defendants in the original petition of the Village of Northfield who have failed to enter appearances in this cause, or having appeared have failed to verify their claims by affidavit as per the prior order of this Court, are hereby decreed non-suited.

On June 25, 1969, the instant suit was commenced in the Washington County Court against Cooley Building Corporation, as principal, and against the Continental Insurance Company, as surety, alleging an indebtedness owed to the plaintiff by the prime contractor, Cooley Building Corporation, as a result of labor and materials furnished to it by the plaintiff

in connection with the Northfield Sewage treatment facility construction.

In its responsive pleading, Continental Insurance Company asserted that plaintiff was barred from recovery by reason of its failure to comply with previous orders of the Washington Court of Chancery with respect to claims growing out of the construction project.

The order to which Continental Insurance Company apparently refers to, was made by the chancellor at a hearing held on February 21, 1969, at which time it was ordered that all claimants must present their claims by way of an affidavit under oath on or before March 10, 1969.

Upon consideration of Continental Insurance Company's plea in bar to this action, at the request of parties interested, the trial court took judicial notice of the files, records and orders in the chancery case, Docket No. 1727. In overruling this defendant's plea, on March 25, 1970, the Washington County Court made the following order.

> IT IS ORDERED AND ADJUDGED that the plaintiff, Walker Process Equipment Company, Inc. is not barred from prosecuting an individual suit for the collection of its claim against the principal defendant and the Continental Insurance Company. The decisions and orders made in the action of interpleader only settled and adjudicated the right of the Plaintiff to lay claim to the stake or fund held by the Village of Northfield which stake or fund was the subject of the interpleader proceeding and did not prevent this Plaintiff in this law action from filing a claim independently against the principal defendant and his bonding company.

Continental has appealed to this Court from the foregoing order.

Plaintiff and each of the defendants stipulated that if plaintiff is entitled to maintain this action, that it is entitled to recover of the defendants the sum, and only the sum, of $1,750.-00. Judgment was entered for this amount on March 3, 1971 from which judgment order Continental Insurance Company has also appealed.

■ ■ To justify a bill of interpleader, there should be either some specific chattel, or some sum of money, to which different parties make claim, and the person bringing the bill, should be a mere stakeholder, having no interest in the matter, so that when the court decrees an interpleader, the plaintiff can step out of the case. *Lincoln* v. *The Rutland and Burlington Railroad Co., et al.,* 24 Vt. 639, 640 (1852) ; *First National Bank of Brattleboro* v. *The West River Railroad Company and Frederick Brown,* 46 Vt. 633 (1874). If a sum of money is involved he must be able to withdraw from the controversy on the payment of the money into court. *State* v. *Rogers,* 123 Vt. 422, 425, 193 A.2d 920 (1963).

■ The object of interpleader is that the conflicting claimants shall litigate the matter among themselves without involving the stakeholder in their controversy, with which he has no interest, and thereby relieve him of vexatious and multiple suits. 4 J. Pomeroy, Equity Jurisprudence § 1320 (5th ed. S. Symonds 1941).

The narrow question presented for review is whether plaintiff's failure to assert and collect its claim against Cooley Building Corporation in the chancery interpleader case bars recovery in the present action.

Plaintiff, in its declaration alleges that it furnished certain materials and performed labor for the defendant, Cooley Building Corporation, in connection with the Northfield sewage treatment facility, and by reason thereof claims an indebtedness in its favor owing from the above named prime contractor.

The declaration further alleges that the so-called performance bond furnished the Village of Northfield by Cooley Building Corporation, as principal, and Continental Insurance Company, as surety, in part provides that Cooley Building Corporation "shall pay for all labor performed or furnished, for all materials used or employed in the work, and for the rental of appliances and equipment employed in the carrying out of said contract."

It is also alleged in the declaration that:
"[t]his bond is made for the use and benefit of all persons, firms, and corporations who may furnish any material or perform any labor for or on account of said

contract, . . . and they and each of them are hereby made obligees hereunder the same as if their own respective names were written herein as such, and they and/or each of them proceed or sue hereon."

It is the appellant's contention, that the Village of Northfield in the chancery interpleader action was the obligee of the appellant-surety's bond. The Continental Insurance Company contends that by making payments of $31,865.91, for the benefit of the creditors of the contractor, it became subrogated and stands in the shoes of the Village of Northfield to the extent of the relief granted to the Village in the action of interpleader.

■ Subrogation is not confined to the ordinary relation of principal and surety, but arises when one man is compelled to pay a debt for which another is primarily liable and which, in good conscience, should have been discharged by the latter. *Hall* v. *Windsor Savings Bank,* 97 Vt. 125, 133, 134 (1923).

■ Subrogation is an equity called into existence for the purpose of enabling a party secondarily liable, but who has paid the debt, to reap the benefit of any securities or remedies which the creditor may hold against the principal debtor and by the use of which the party paying may thus be made whole. *Clifford* v. *West Hartford Creamery Co., Inc.,* 103 Vt. 229, 238 (1931); 17 Am.Jur.2d, *Contractors' Bonds* §§ 42 and 107. Here, there were no funds available to which Continental could be subrogated, for the fund interpleaded by the Village had already been exhausted.

Appellant further contends that by the proceedings in chancery the Village of Northfield was afforded protection from lawsuits by creditors of the Cooley Building Corporation, and that it likewise is afforded the same protection, otherwise the interpleader procedure would be frustrated and a nullity. Appellant has cited no authority which suggests that, by having made payment of money into court for the benefit of certain creditors of Cooley Building Corporation, the interpleader action brought by the Village of Northfield was also transformed into one in favor of Continental Insurance Company.

■ Plaintiff, as surety for the principal contractor, is not entitled to assume the posture of an interpleader, since it had a substantial interest in the outcome of the claims of the various creditors of the Cooley Building Corporation. It could not withdraw from the controversy or extinguish the claims of all creditors merely by contributing $31,865.91 to the fund interpleaded unless that amount would satisfy all valid claims against the principal. *State* v. *Rogers,* 123 Vt. 422, 425, 193 A.2d 920 (1963).

■ Furthermore, the right of a surety to be subrogated to the rights of the contractor or his creditors, does not attach unless all the principal obligations are discharged. See 17 Am.Jur.2d, *Contractors' Bonds* § 107, which cites *American Surety Co.* v. *Westinghouse Electric Manufacturing Co.,* 296 U.S. 133, 80 L.Ed. 105 (1935); *Labbe* v. *Bernard,* 196 Mass. 551, 82 N.E. 688 (1907).

As we view the record in the chancery case, the sum paid into chancery court by Continental was for the benefit of the creditors of Cooley Building Corporation whose claims have been proved and allowed by the court. The sum so paid into the court was a voluntary act on the part of the surety and without any mandate on the part of the court to do so.

No court order was addressed to the plaintiff in the interpleader action which required that it file any claim to the funds on deposit in court, or that, upon failure to so do, it would be precluded from pursuing any other remedy to enforce its claim against the two defendants in the instant action.

■ The final order of the Chancellor in the interpleader action in effect does not in any way purport to bar this plaintiff from doing anything except bringing an action against the Village of Northfield. By its order of non-suit it simply prevents plaintiff from asserting any claim against the fund paid into court by the Village of Northfield.

By the final order in chancery, the only parties barred from making further claims against Cooley Building Corporation and the Continental Insurance Company, Inc. were the claimants to whom payments were made and who accepted payment in accordance with the schedule referred to by the court. Plaintiff was not listed in the schedule and received no payment. To this end, the final order of the chancery court in

part provides that it "shall operate as a final judgment on all claims in connection with said construction project for each and every of the creditors so paid" against the principal and surety, "and the money so paid and received shall be in full and final satisfaction of such judgments."

Moreover, the bond executed by Cooley Building Corporation, as principal, and Continental Insurance Company, as surety, permits the bringing of this suit.

*Judgment affirmed.*