## M. A. MUNROE v. H. C. POTTER ET AL.

·Addison County, 1893.

Before :   Tyler, Munson, Start and Thompson, JJ.

*Statute of limitations.   Known attachable property.   Question not made below cannot be raised in supreme court.*

1.   Known attachable property within the State, in order to keep in operation the statute of limitations, must be such as would be of substantial benefit to the creditor.

2.   A defendant cannot, for the first time in supreme court, raise the question that the replication is not broad enough to try the issue which the court below has tried and certified up.

Debt on judgment.   Pleas, the general issue and statute of limitations.   Trial by court at the December term, 1892, Rowell, J., presiding.   Judgment for the plaintiff.   The defendant excepts.

This suit was commenced May 25, 1892.   The judgment declared upon was for $611.23, and was rendered at the December term, 1883, Addison county.   The court found

that the defendant had resided without the State since the rendition of said judgment, but that when the judgment was rendered he owned a top buggy, sleigh, single harness and pair of double harnesses, which were then at his brother's in Middlebury, and continued there until the spring of 1891 ; that the value of this property was $125 in 1883, and $100 in 1891, and that the plaintiff might, by the exercise of reasonable diligence, have ascertained its ownership. The court further found that the value of the property was not "an amount sufficient to have yielded the plaintiff substantial benefit in respect to satisfying the debt."

The plaintiff filed a replication to the defendant's plea of the statute, alleging that

"After said cause of action accrued, for a long space of time, to wit, from the first day of December, 1886, to the first day of December, 1891, the defendant (Potter) was absent from and resided out of this State, to wit, in the city, county, and State of New York, and in Buenos Ayres in the Argentine Republic, and in other places without this State to the plaintiff unknown ; all of which said period or periods had elapsed before the statute of limitations had run on said judgment. And that during said entire period or periods of such absence and residence out of this State, the defendant did not have any known property within the State of Vermont which could, by the common process of law, be attached."

*James M. Slade* and *E. R. Hard* for the defendant.

The replication only excludes *one* day from the eight years, and therefore the defendant is entitled to recover. *Hall* v. *Nasmith*, 28 Vt. 791.

The plaintiff ought to have ascertained the ownership of defendant's property, which is the same thing as though he did know it. *Tucker* v. *Wells*, 12 Vt. 240, 244 ; *Wheeler* v. *Brewer*, 20 Vt. 113, 116 ; *Stoughton* v. *Dimick*, 29 Vt. 535, 538.

*W. H. Bliss* and *Seneca Haselton* for the plaintiff.

The defendant had no known property within the meaning of the statute. *Hill* v. *Bellows*, 15 Vt. 727; *Royce* v. *Hurd*, 24 Vt. 620; *Russ* v. *Fay*, 29 Vt. 381.

MUNSON, J. It being evident that the question now made regarding the scope and effect of the replication was not raised in the court below, it will not be considered here.

The defendant is found to have had property within the State, which, in the exercise of reasonable diligence, would have become known to the plaintiff. It remains to be determined whether the property was such as to keep the statute in operation. The court has found that its value was $100, but that the plaintiff would have derived no substantial benefit from its attachment. If it be held that the test is the sufficiency of the property to afford the creditor a substantial benefit, and that the question of sufficiency is one of fact, the case is disposed of by the above finding.

In the consideration of cases involving this feature of the statute, different views have been expressed. In *Hill* v. *Bellows*, 15 Vt. 727, Williams, J., speaks of the obligation resting upon the defendant to prove that he had known property within the State from which the plaintiff "could have satisfied his demand." In *Royce* v. *Hurd*, 24 Vt. 620, Redfield, J., treats this as a declaration that the property must be "sufficient to satisfy the whole debt"; and says that this seems to him to be the reasonable import of the statute. On the other hand, in *Wheeler* v. *Brewer*, 20 Vt. 113, Royce, Ch. J., after saying that the property must be more than enough to enable the plaintiff to get service and keep the demand alive, limits the requirement to property "capable of yielding a substantial benefit to the plaintiff." In *Russ* v. *Fay*, 29 Vt. 381, Isham, J., in stating the rule, uses substantially the language last above quoted. Subsequently, in

*Moore* v. *Quint*, 44 Vt. 97, it is said by Barrett, J., that incumbered real estate will meet the requirement of the statute if the equity is such that the creditor "might derive substantial benefit" from it in the way of payment.

We think it may be considered as settled that the test is whether the property would have yielded the creditor a substantial benefit by way of a reduction of his claim. This clearly involves matters of fact not covered by a valuation of the property. The question whether the property would have yielded the creditor a substantial benefit must depend somewhat upon the character of the proceedings required to establish his claim, the expense of procuring necessary legal assistance, the location and nature of the property, and the necessity of incurring expense to secure it when under attachment. A given amount of property might yield a substantial benefit in some cases and not in others. It is not necessary to consider what this court might be able to do upon a mere finding of valuation, if the sum found were such that no contingencies recognized by the law could possibly reduce it below what would be a substantial application upon the indebtedness. It is certain that we cannot, as matter of law, say that this property would have afforded a substantial benefit to the plaintiff, against the county court's express finding to the contrary.

*Judgment affirmed.*