HARTFORD LIFE INS. CO. *v.* EMILY K. WEED and B. A. HUNT.

January Term, 1903.

Present: TYLER, MUNSON, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed August 31, 1903.

*Equity—Interpleader—Remedy at law.*

One who is sued and trusteed on account of the same fund cannot maintain a bill to compel the two plaintiffs to interplead.

That one of the suits is pending in another State does not affect the complainant's rights.

APPEAL IN CHANCERY.   Heard on demurrer to the bill, at the June Term, 1902, Lamoille County, *Stafford,* Chancellor.   *Pro forma* decree for the defendants.   The orator appealed.

*H. Henry Powers* for the orator.

The orator ought not to be compelled to follow, through the Courts of two States, the parties claiming the insurance money, when it is ready to pay the same to whomever is entitled to it.   McClennan Interpleader, 9, 10, 17, 32, 33, 36; *Angell* v. *Hadden,* 15 Ves. 244; *Webster* v. *McDaniel,* 2 Del. Ch. 297; *Fahie* v. *Lindsay,* 8 Ore. 474.

The office of an interpleader suit is not to protect the party against a double liability, but against double vexation in respect to one liability.   *Insurance Co.* v. *Tucker,* 49 Atl. 26; *Bank* v. *Railroad Co.,* 46 Vt. 633; *Wing* v. *Spalding,* 64 Vt. 83.

*T. J. Deavitt* and *Edward H. Deavitt* for the defendant Emily K. Weed.

This is not a case of adverse claim under different titles, for both claims are through the title of defendant Weed, hence the bill will not lie.    McClennan Interpleader, 34, 138, *et seq;* *Desborough* v. *Harris,* 5 DeG. M. & G. 439; Drake Attachment, ss. 700, 701.

The orator has an adequate remedy at law.    *Spicer* v. *Spicer,* 23 Vt. 678; *Jones* v. *Wood,* 30 Vt. 268; *Hicks* v. *Gleason,* 20 Vt. 139.

*B. A. Hunt pro se.*

The orator can disclose in the Connecticut case and proceedings will be stayed in the Vermont case to await the result.

Interpleader will not lie.    Story Eq. Jur. 268; 51 Atl. 123.

STAFFORD, J.    The case stands upon demurrer to a bill of interpleader.    The complainant company insured the life of Mr. Weed, of this State, in favor of his wife.    After Mr. Weed's death, Mr. Hunt sued Mrs. Weed, the beneficiary, and trusteed the company in Connecticut, where its principal office is.    Then Mrs. Weed sued the company in this State for the amount of the policy.    Now the company asks that these two parties interplead.

As stated by the complainant in its brief, the question is, whether an insurance company which has been garnisheed in another State by a creditor of the beneficiary, and sued in this State by the beneficiary, can immediately, before either case has proceeded to judgment, bring a bill here and require the two to interplead.    The question may be stated yet more simply, for the facts that the complainant is an insurance company, that the fund is the avails of a policy, and that the proceedings are in different States, are not, in our opinion, distinguishing features in favor of the complainant.    If not, the single question is, whether one who is sued at law by his creditor, and

also summoned in another action as that creditor's trustee, is entitled to have his creditor and the plaintiff in the trustee process interplead in equity.    The rule is that a bill of interpleader will not be entertained when the complainant has a clear, adequate and unembarassed remedy at law.    11 Enc. Pl. & Pr., 447, and authorities there collected.    It is not claimed that relief may not be obtained at law by staying execution in the Vermont case until the garnishee is discharged in the Connecticut case, nor is it questioned that all the parties to this proceeding are also parties to the Connecticut case, so as to be bound by the judgment therein.    The sole ground of complaint is that the company ought not to be embarassed by two proceedings.

Ordinarily, it is not the fact that the complainant has been actually sued by two or more, but the fact that he is liable to be, that is said to entitle him to bring a bill of this character. If this is true, the company's contention would entitle every person summoned as trustee to bring this bill.    Such, we think, is not the law.    The plaintiff in trustee process has no claim upon the fund save what he acquires by that process, which operates as an attachment.    To say that the attachment itself creates such a lien upon the fund that the debtor may immediately bring his creditor and the plaintiff into equity, is to say that the very process provided by law for settling the rights of the parties shall furnish the ground for ousting the law Court of its jurisdiction, which would seem to be an anomalous result. *U. S. Trust Co.* v. *Wiley,* 41 Barb. 477; McClennan on Interpleader, 33, 34; *Picken* v. *Victoria Ry. Co.,* 44 Upper Can. Q. B. 372.

When, as in the present case, the trustee process is pending in another State, there is the additional embarassment that the attaching creditor's claim depends upon the law of

such other State, which would need to be ascertained and administered by the Courts of this State.

The bill must be held insufficient.

*Decree affirmed and cause remanded.*

