## LIABILITY FOR KEEPING HIGHWAYS IN REPAIR.

Common Pleas Court of Clark County.

STATE OF OHIO V. CHARLES C. COLLINS ET AL AND STATE OF OHIO
V. VIRGINIA TWICHELL ET AL.

Decided, October Term, 1908.

*County Commissioners—Omission of Duty—Not a Foundation for Re-
covery of Private Damages—Negligence as to Condition of Roads
and Bridges—Sureties for Commissioners not Liable—Errors of
Judgment—Sections 844 and 845.*

A county commissioner, in the absence of bad faith or a corrupt mo-
tive, is not liable individually or upon his official bond, for the
failure of the board of commissioners of which he is a member to
keep the highways and bridges in proper repair.

*Lawrence A. Layborne,* Prosecuting Attorney, for plaintiff.
*Martin & Martin, William M. Rockel, Hagan & Hagan* and
*Kiefer & Kiefer,* for defendants.

ALLREAD, J.

These actions were brought by the state, for the use of Clarke
county, against the defendants, upon the official bonds of the
county commissioners of Clarke county, to recover the amount
the county has been compelled to pay as damages to the owner
and occupants of an automobile who were injured by a failure
of the board of commissioners to keep the highway and bridge
at a certain point in proper repair.

The cases are submitted upon demurrer to the petition. The
main and controlling question is whether the commissioners are
liable upon their official bonds for a failure to keep the high-
ways and bridges of the county in proper repair.

It is conceded that prior to the act of 1894 neither the board
of commissioners in their official capacity nor as individuals, in
the absence of bad faith or a corrupt motive, were liable to a
party injured by neglect to keep the highways and bridge in
repair.

The prosecuting attorney who brings this action founds his
contention upon the phraseology of Section 845, Revised Stat-

utes, as amended in 1894, and Section 844, fixing and prescribing the liability of the 'official bond.

Section 845 provides among other things that:

"Any· such board of commissioners shall be liable in their official capacity for any damages received by reason of the negligence or carelessness of said commissioners in keeping any such road or bridge in proper repair."

Section 844 provides that the official bond of a county commissioner "shall be conditioned for the faithful discharge of his official duties and for the payment of any loss or damage that the county may sustain by reason of his failure therein."

In the case of *Commissioners* v. *Coffman,* 60 O. S., 527, it was held that the county through the commissioners in their official capacity was liable to the party injured for neglect, but the court expressed no opinion as to the liability of the commissioners individually or upon their official bonds.

The prosecuting attorney relies upon the last clause of the condition of the official bond providing for the payment of any loss or damage that the county may sustain, etc. It must, however, be noted that the liability to the county is founded upon the failure of the commissioner to faithfully discharge his duty.

The second clause fixing the liability of the commissioner and his sureties is not more burdensome and exacting than his general liability under the first clause providing a faithful discharge of his official duties.

A condition in an official bond for the faithful discharge of official duties does not add to the common law liability of the officer. *State* v. *Chadwick,* 10 Oregon, 465; *State* v. *Mitchener,* 123 Ind., 449; *Seaman* v. *Patten,* Cain's Rep. (N. Y.), 312.

By repeated decisions of our Supreme Court, a public official is not liable individually in the absence of bad faith or a corrupt motive for failure to properly perform a duty involving judgment and discretion. *Thomas* v. *Wilton,* 40 O. S., 516; *Gregory* v. *Small,* 39 O. S., 346; *Stewart* v. *Southard,* 17 O. S., 412; *Ramsey* v. *Riley,* 13 O., 107; *Commissioners of Brown County* v. *Butt,* 2 O., 353.

And this rule is specially applicable to officers having charge of highways and bridges, *Dunlap* v, *Knapp,* 14 O, S., 64,

The rule established by these cases has been cited with approval in the late case of *State* v. *Bair*, 71 O. S., 427.

To create a personal liability for mere failure to perform a duty, say the court in the case of *Dunlap* v. *Knapp, supra,* the duty devolving upon the officer must be "entire, absolute and perfect," and that the repair of roads depends upon a variety of circumstances, chief among which is the availability of unappropriated funds and labor to make the repairs. The duty is therefore one of judgment and discretion.

In *Stewart* v. *Southard, supra,* cited with approval in *State* v. *Bair*, it is said of a private action against a public officer that:

"There is no instance of an action of this sort maintained for an act arising merely for an error of judgment."

And the court in *State* v. *Bair* also cites with approval from the case of *Ramsey* v. *Riley* that:

"An officer acting within the scope of his duty is only responsible for an injury resulting from a corrupt motive."

In the case of *Dunlap* v. *Knapp* it is laid down that:

"Where the duty is imposed by statute upon minor political organizations without their consent, for purposes of public policy, and not for their benefit but that of the public at large, such omission of duty lays no foundation for the recovery of private damages, unless such recovery is expressly authorized by the statute."

In the case of *Thomas* v. *Wilton, supra,* it is said in the syllabus that:

"County commissioners who act in their official capacity in good faith, and in the honest discharge of official duty, can not be held to personally respond in damages."

So well settled has been the law in this respect that no case of liability has been maintained in any well considered case, although many instances have occurred in which injuries have been inflicted by neglect, and "this fact alone," says the court in *Dunlap* v. *Knapp*, "is strong, if not conclusive evidence that in public estimation no such action is maintainable."

This being the accepted law, not only among lawyers but in public estimation, it would appear that an intention to charge

the private liability of public officers and their sureties by an act of the Legislature should clearly appear from the terms of the act. It should not be inferred from doubtful words as against public officers and their sureties who have acted upon the general acceptation of the law.

In the act of 1894 the Legislature chose the section relating to the public capacity of the commissioners for amendment. If the Legislature had in mind increasing the liabillity of the individual commissioners upon their bond they would very probably have chosen Section 844 for amendment and given the right of action direct. The language employed indicates that public liability was the purpose of the amendment.

The liability is charged against "the board of county commissioners" and "in their official capacity." The latter clause was evidently intended to emphasize the public character of the liability, and makes still more evident the legislative intent to charge the liability against the county.

The court is therefore forced to the conclusion that the amendment of 1894, Section 845, did not extend the liability of the commissioners individually or upon their official bonds. This view is in harmony with the clear weight of authority, both in text books and in the decided cases. *Abbott's Mun. Corp.*, Sec. 672-983; *Tracey* v. *Swartout*, 10 Pet. (U. S.), 80; *McCormick* v. *Burt*, 95 Ill., 263; *Nagle* v. *Wakely*, 161 Ill., 367; *Waldron* v. *Berry*, 51 N. H., 136; *Daniels* v. *Hathaway*, 65 Vt., 234; *Palmer* v. *Town*, 23 N. H., 314.

This view is also sustained by reason. A commissioner is bound to exercise an honest judgment upon all matters of discretion and duty entrusted to him.

The theory of the plaintiff would give the county the advantage of all acts of the officer wherein his judgment was good, and hold him responsible for all errors and mistakes. This is fairly stated in the opinion in *Nagle* v. *Wakely, supra*:

"The towns make their selections of commissioners to exercise their judgment and discretion in repairing and improving the roads and bridges of the town, and when the public have had a fair and honest exercise of that judgment and discretion they have got all, we think, they are entitled to. It would be against reason to elect commissioners to use their best judgment,

and then sue them for doing it. We do not think the commissioners, who in good faith and to the best of their ability have expended the means at their command where they seem to them most needed, can be called upon to justify their judgments to the satisfaction of a jury at the peril of their savings.''

The liability stated in the petition is founded upon the acts of the commissioners in carelessly, negligently, and willfully permitting the ditch trench or open space ten feet deep between embankments caused by the tearing down or removal of a bridge, to remain open, exposed and unguarded without any protection by means of light signal, railing or other barrier, to apprise passers-by of the existence of said open space.

It may be conceded that a strong case of negligence is stated against the commissioners in taking out this bridge and leaving the space open and unguarded, yet no showing of bad faith or dishonesty is made.

The facts stated do not therefore constitute a cause of action, and the demurrers are sustained.