Pearl **RICKER**

v.

Victor J. **LAJOIE.**

Civ. A. No. 5717.

United States District Court,
D. Vermont.

July 7, 1970.

Rexford & Kilmartin, Newport, Vt., for plaintiff.

Wick, Dinse & Allen, Burlington, Vt., for defendant.

## OPINION

OAKES, District Judge.

This is a suit for injuries sustained in an automobile collision on March 2, 1966, in Barnet, Vermont, served on the defendant by serving the commissioner of motor vehicles on November 4, 1969, under 12 V.S.A. § 892.

Defendant has pleaded in bar the three-year statute of limitations, 12 V. S.A. § 512.

Plaintiff contends that defendant, at all times material to this action, has resided in New Hampshire and not owned or possessed any real, personal or any other property in Vermont. It is assumed that an automobile liability insurance policy issued by an insurance company having offices, agents, and property in Vermont covers the accident in question.

The issue before the Court, is, therefore, whether an automobile insurance policy issued to a non-resident by a company doing business in Vermont is "known property within the state" of Vermont "which can, by common process of law, be attached" within 12 V.S.A. § 552.[1] If the defendant's policy were such "property," the statute of limitations would not be tolled by the defendant's absence from the state.

The general rule is that questions of garnishment and attachment, since they deal with remedies, are decided by the law of the forum. Morris Plan Industrial Bank v. Gunning, 295 N.Y. 324, 67 N.E.2d 510 (1946); Restatement of Conflict of Laws § 590. Thus, we must look to the law of Vermont.

It has been held that a foreign insurance company doing business in Vermont is subject to trustee process, i. e., garnishment, despite the language of 12 V.S.A. § 3016, providing that a non-resident shall not be summoned as a trustee. Weed Sewing Machine Co. v. Boutelle, 56 Vt. 570, 574 (1884).

Section 3018 of 12 V.S.A. requires that any "money or other thing" due the defendant which may be attached by trustee process must be "due absolutely and without contingency."

Although many cases have emphasized the requirement that the attachable "thing" be due the defendant absolutely and without contingency, the Vermont Supreme Court has yet to characterize obligations owed insureds by their insurance companies. Reed, Adm'r v. Rosenfield, 115 Vt. 76, 80, 51 A.2d 189 (1946).

To prevent trustee process from attaching to an obligation, a contingency must be such as to affect the existence

---

1. 12 V.S.A. § 552:
   "If a person is out of the state when a cause of action of a personal nature mentioned in this chapter accrues against him, the action may be commenced within the time limited therefor after such person comes into the state. If a person is absent from and resides out of the state after a cause of action accrues against him and before the statute has run, and he has no known property within the state which can by common process of law be attached, the time of his absence shall not be taken as a part of the time limited for the commencement of the action. The provisions of this section shall not extend to a cause of action accruing in another state or government, when the parties thereto at the time of the accruing of such cause of action are residents of such other state or government."

of the debt itself and not simply the liability of the trustee to have the effects or credits called out of his hands in a particular manner. Downer v. Curtis and Trustee, 25 Vt. 650, 654 (1853). It is uncertainty as to liability, not merely as to amount, which removes the debt from the operation of the trustee process statutes. Downer v. Topliff, 19 Vt. 399, 402 (1847).

It is the nature of the insurance company's obligations to its insured which must be scrutinized in order to determine what sort of contingency, if any, exists.

In dealing with the claim of a creditor of an heir who had trusted the administrator prior to a decree of distribution, the Vermont Supreme Court refused to allow such attachment on the ground that there was but a contingent obligation owed by the estate to the principal debtor until the decree of distribution was issued. Island Pond National Bank v. Chase, 101 Vt. 60, 63, 141 A. 474 (1928). The Court held that at the time of service of the writ, there was no absolute obligation owed to the principal debtor, since, until a distribution decree, there is no way of knowing whether the debts of an estate will exceed the assets.

So too, in the instant case, this Court holds that there does not yet exist between the defendant and his insurer an obligation that is not subject to some contingencies, contingencies which prevent valid trustee process from attaching to the insurance policy owned by the defendant. From lack of cooperation by the insured, Potomac Ins. Co. v. Stanley, 281 F.2d 775 (C.A.7, 1960), to failure to have notified the insurer of the claim, Brown v. Maryland Cas. Co., 111 Vt. 30, 33, 11 A.2d 222 (1940), the insurer may have several possible defenses. Nor are we aware, indeed, whether there is coverage in fact, Beatty v. Employers Liab. Assur. Co., 106 Vt. 25, 35, 168 A. 919 (1933), let alone the extent of it.

The lien of trustee process applies only to funds reached by the operation of the process as an attachment. State v. Rogers, 123 Vt. 422, 426, 193 A.2d 920 (1963); Hartford Life Ins. Co. v. Weed, 75 Vt. 429, 431, 56 A. 97 (1903).

The essence of trustee process is to obtain for the attaching party something of value by which to secure the appearance of the defendant and the satisfaction of a judgment against the defendant, if one is had. Within the meaning of 12 V.S.A. § 552, the tolling statute, the test as to whether "known property" exists is "whether the property would have yielded the creditor a substantial benefit by way of reduction of his claim. * * * A given amount of property might yield a substantial benefit in some cases, and not in others." Munroe v. Potter, 65 Vt. 234, 237, 26 A. 901, 902 (1893). What value to an attaching creditor would be the obligations presently owed this insured by his insurer is at least questionable. The required "substantial benefit" seems to be lacking.

This view conforms to the general rule that "in order to hold an insurance company liable as garnishee on an indebtedness by reason of its liability on a policy of insurance, a present fixed liability to pay the insured for the loss insured against must be shown; that is it must be shown that the legal obligation is absolute, and not contingent or dependent upon unperformed conditions." See 4 Am.Jur., Attachment and Garnishment, Sec. 293, and cases cited. We find the dissent in Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N. E.2d 312 (1966) (4–3), more persuasive than the majority opinion on the point of "contingency."

Defendant's motion to dismiss is denied.