Wachtler, J.
We are presented with yet another of the plethora of difficult questions which have arisen out of this court’s holdings in Seider v Roth (17 NY2d 111) and Simpson v Loehmann (21 NY2d 305, mot for rearg den 21 NY2d 990). For the first time this court has been asked to pass upon the propriety of extending this doctrine by allowing a SeiderSimpson jurisdictional attachment in a case involving a nonresident plaintiff and a nonresident defendant arising out of alleged acts of negligence which occurred in another State. In our view the doctrine explicated in Seider v Roth (supra) and Simpson v Loehmann (supra) should not be extended, but rather confined to the limits dictated by stare decisis.
On February 3, 1973, the infant plaintiff, a resident of New Jersey, sustained a leg fracture in a skiing accident in Pennsylvania. On the day of the accident she was treated in the emergency room of the defendant Read Memorial Hospital located in Hancock, New York. Defendant Dr. Danek, on the staff of that hospital and a resident of New York, was the physician who treated the plaintiff at the hospital. Two days later, defendant Dr. Hawkes, a nonresident of New York, treated plaintiff for the same injuries sustained in the accident. Dr. Hawkes, who practices medicine in New Jersey and has no purposeful connection with New York, treated the plaintiff at his office in Princeton, New Jersey.
Plaintiff instituted a single action, naming the hospital and the two doctors as codefendants. In her complaint she alleged that separate and independent acts of medical malpractice were committed by the two physicians and that as a result of their malfeasance a portion of her right leg was caused to be amputated. Each alleged act of malpractice by the respective physicians was the subject of a separate and independent cause of action. She also asserted a cause of action sounding in negligence against the defendant hospital.
Plaintiff commenced her actions against the hospital and Dr. Danek in Supreme Court, Nassau County, by service of a summons and complaint in this State. She also sought to assert quasi in rem jurisdiction over the nonresident doctor by means of the attachment of Dr. Hawkes’ medical malpractice liability insurance pursuant to the principles set forth in our holdings in Seider and Simpson. The insurance carrier on the *141 policy, Federal Insurance Company, is duly licensed to transact insurance business in New York and has offices located in Nassau County.
Dr. Hawkes opposed the application of the Seider-Simpson doctrine. Special Term allowed the attachment and held that Seider-Simpson jurisdiction was appropriate in the instant case. The court reasoned that it was clear that New York had jurisdiction over the other two defendants in the case and cited the potential inconvenience to the plaintiff in having to prosecute multiple actions in the event of a determination that jurisdiction over Dr. Hawkes was lacking. The court also noted that there would be no added congestion or burden on this State’s courts by asserting jurisdiction over this nonresident defendant since the action pending against the codefendants was clearly properly before our courts. A divided Appellate Division affirmed Special Term’s determination.
From its inception, the Seider-Simpson rule, allowing the attachment of a defendant’s liability insurer’s contractual obligation to defend and indemnify, has met with criticism and rejection (see, e.g., Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5201 [Cumulative Annual Pocket Part 1976-1977]; Minichiello v Rosenberg, 410 F2d 106 [esp writings collected at p 108], affd on reh en banc 410 F2d 117, cert den 396 US 844; Javorek v Superior Ct. of Monterey County, 17 Cal 3d 629; De Rentiis v Lewis, 106 RI 240; Ricker v Lajoie, 314 F Supp 401). In addition, grave constitutional doubts were expressed concerning the application of Seider-Simpson attachments in cases where, as here, the plaintiff seeking the attachment was not a resident of New York (Minichiello v Rosenberg, 410 F2d 106, 110, affd on reh en banc 410 F2d 117, and concurring opn of Hays, J., at p 119, cert den 396 US 844, supra; Farrell v Piedmont Aviation, 411 F2d 812, 816; Vaage v Lewis, 29 AD2d 315, 318). Other courts have simply refused to extend the Seider-Simpson rule where the plaintiff was a nonresident (see, e.g., Varady v Margolis, 303 F Supp 23; Adkins v North-field Foundry & Mach. Co., 393 F Supp 1079; but see McHugh v Paley, 63 Misc 2d 1092, allowing a Seider-Simpson attachment by a nonresident plaintiff where there exists "special circumstances”).
We are not unmindful of the continued criticism of our holdings in Seider v Roth (supra) and Simpson v Loehmann (supra). Although several members of the court may believe in *142 the legitimacy of some of this criticism, the majority cannot fail to take into account considerations of institutional stability and the mandates of stare decisis (cf. Helvering v Hallock, 309 US 106, 119). A court should not depart from its prior holdings "unless impelled by 'the most cogent reasons’” (Baker v Lorillard, 4 NY 257, 261 [emphasis in original], cited in Matter of Eckart, 39 NY2d 493, 499).
As recently as July of last year, this court unanimously reaffirmed the Seider-Simpson doctrine (Neuman v Dunham, 39 NY2d 999), and it would be scandalous for us to abandon it at this time (People v Hobson, 39 NY2d 479, 491), particularly in this case where the doctrine need not be applied. Moreover, as the Seider court itself recognized, its holding in effect established, by judicial fiat, a "direct action” against the insurer (Seider v Roth, 17 NY2d 111, 114, supra). Thus, this court did indirectly that which the Legislature could have done, but failed to do, directly (see Watson v Employers Liab. Assur. Corp., 348 US 66; cf. Ray v Marine Midland Grace Trust, 35 NY2d 147). In the absence of any corrective measures taken by the Legislature during the 11-year history of the Seider-Simpson rule, it must be concluded that they are satisfied with it, and we, therefore, should refrain from disavowing it.
Although stare decisis dictates that we refrain from unnecessarily reaching out to overrule the precedents established by Seider and Simpson, it does not require that we expand the scope of the doctrine. While the insurer’s "duty to defend and indemnify” has been found to be an attachable debt where the plaintiff is a resident, this special type of contract duty, however it may be classified or denominated, is not of sufficient substance to support quasi in rem jurisdiction where the plaintiff is a nonresident.* We hold, therefore, the doctrine should not be extended to embrace the present case. Further, as it was not raised by the parties in the courts below, or addressed by those courts, and has not been raised or briefed by the parties on the present appeal, we do not reach or consider the assertion, introduced by the writer of the concurring opinion, that in restricting Seider-Simpson to resident plaintiffs there is a constitutional inhibition grounded on the denial of equal protection.
*143 Accordingly, the order of the Appellate Division should be reversed and the motion for the order of attachment denied.

 Where the particular property is of sufficient substance, it provides a basis for quasi in rem jurisdiction in favor of a nonresident plaintiff (e.g., Katz v Liston, 22 AD2d 205 [moneys owed by New York City obligors]).