William J. Crangle, J.
Defendants, John and William Sheehan, move to dismiss plaintiffs complaint upon the ground that the court has acquired no jurisdiction over them by means of an attachment levied under the holding in Seider v Roth (17 NY2d 111). The action arises from an automobile collision which occurred in Massachusetts between a vehicle owned and driven by the defendants, Sheehan, residents of Massachusetts, and a vehicle owned and driven by the other two defendants, residents of New York. At the time of the collision plaintiff was a resident of New York and was riding as a passenger in the New York vehicle. This action for personal injuries was commenced approximately two years after the accident occurred at a time when plaintiff was a resident of Anchorage, Alaska. She claims to have obtained quasi in rem jurisdiction over the Massachusetts defendants by levy of attachment in New York State upon an insurance contract with the Peerless Insurance Company which had contracted with the owner of the Massachusetts car to defend and indemnify him as a liability insurer.
Seider v Roth (supra) recognizes the duty to defend and indemnify under such a contract as an attachable debt where the plaintiff is a resident of New York but the doctrine has not been expanded to cases where the plaintiff is a nonresident (Donawitz v Danek, 42 NY2d 138). The plaintiff has submitted her affidavit to the effect that she is temporarily residing in Alaska while her, husband’s temporary employment on a construction project requires their presence there. She states that she intends to return to New York, which she says is her permanent residence and domicile, as soon as the project is completed.
It is, of course, possible to have two or more residences and the evidence submitted here would indicate that plaintiffs residence in Alaska is but for a restricted purpose and time and that she retains her ties with her permanent residence in New York where she will soon return. While her intent to make New York her domicile is quite another thing and not *650 controlling here, it would appear for the purposes of this motion that she is a resident of New York State as well as Alaska. Defendants have offered insufficient evidence to the contrary to justify a hearing.
Defendants further contend that to sustain jurisdiction of a quasi in rem nature over them as nonresidents of New York the same "minimum contacts” test that is applicable to jurisdiction in personam under the case of International Shoe Co. v Washington (326 US 310) must be satisfied. They cite Shaffer v Heitner (433 US 186), and point out that no contacts whatever with New York by the moving defendants are shown upon which jurisdiction could be sustained.
In Shaffer v Heitner (supra) the court has renounced the long held view that a State automatically has jurisdiction over an owner’s interest in property merely because of the presence of that property within the State (Pennoyer v Neff, 95 US 714). The renunciation goes not only to situations where the plaintiff seeks to apply what he concedes to be the property of the defendant to satisfy an unrelated claim of plaintiff but to cases testing the ownership or interest of the nonresident defendant in the property itself. The court points out that in the latter situation the requirement of the standard elucidated in the International Shoe Co. case, that jurisdiction will depend upon a showing that the defendant has certain minimum contacts with the proposed forum State such that the suit there does not offend "traditional notions of fair play and substantial justice”, will in most cases be suggested by the factual situation regarding the ownership of property located there. But in the former situation, where the property is unrelated to the plaintiff’s cause of action and will become important only as a means of satisfying a possible judgment, the existence of such ties is much less likely to be established.
Such is the case here. The act of the Massachusetts resident in purchasing a contract of liability insurance in Massachusetts to cover his Massachusetts based automobile establishes in and of itself no minimum contact with New York even though the insurance company is itself in New York and subject to its process for jurisdictional purposes. Defendants’ motion must therefore be granted since the nonresident owner of the automobile has not by his purchase of such insurance "purposefully [availed himself] of the privilege of conducting activities within the forum State” (Hanson v Denckla, 357 US 235, 253), and is not subject to the jurisdiction of the courts of this State.
*651 Since this motion is directed only to the status of the Massachusetts owner and driver as defendants in the action, the court has not considered the recent declaration of the Court of Appeals that its holding in Seider v Roth established by judicial fiat a direct action against the insurance company in a case such as this. "Thus, this court did indirectly that which the legislature could have done, but failed to do, directly (see Watson v Employers Liab. Assur. Corp., 348 US 66; cf. Ray v Marine Midland Grace Trust, 35 NY2d 147).” (Donawitz v Danek, 42 NY2d 138, 142, supra.)
The motion of defendants John and William Sheehan for an order dismissing the action against them is granted, without costs.