*365 OPINION OF THE COURT
Joseph S. Calabretta, J.
Plaintiff moves by order to show cause for an order of attachment against the insurance policy issued to the defendant Irene Ford. This is a case of great current interest regarding the viability of obtaining quasi in rem jurisdiction as established in Seider v Roth (17 NY2d 111). Federal District courts and other State courts, as well as the courts in this Second Department, have reached opposite decisions on the issue within the last year.
The facts are fairly classical. There was an automobile accident in the State of Florida involving two vehicles owned by Florida residents. The two drivers are residents of Florida (the issue of their legal domicile not being of concern to the questions presented). Plaintiff, a resident of New York State (Queens County), is suing in his representative capacity as administrator of his son’s estate, the son having been a passenger in one of the vehicles.
Before reaching the paramount question of whether Sieder v Roth (supra) is still good New York law, the court must establish the estate’s State residence. The decedent was a member of the United States Navy, and as such, was based in Florida. Prior to his Naval service, he was a resident of Queens County. Although the affidavits do not show conclusively that he elected to keep his legal domicile in New York, there is nothing to show that he ever renounced his New York domiciliary. Therefore, this court feels that his prior residency, plus the administrator’s residency, as well as the fact that the estate is being processed in New York, is sufficient contact to declare that the plaintiff estate is a resident of New York. (See Reisner v James, NYLJ, Aug. 15, 1977, p 10, col 5.) (At this point the court must note that the final issue of liability appears to favor the estate. The plaintiff has submitted the police reports and a court transcript wherein the defendant driver pleaded guilty and was sentenced on a charge of manslaughter [driving while intoxicated].)
Having now established that we have before us a New York resident seeking to acquire quasi in rem jurisdiction by attaching defendant’s insurance policy, the court has considered the recent Seider decisions, namely: the New York Court of Appeals case of Donawitz v Danek (42 NY2d 138); the Supreme Court of the United States case of Shaffer v Heitner (433 US 186); the United States District Court, Eastern Dis *366 trict of New York, cases of O’Connor v Lee-Hy Paving Corp. (437 F Supp 994) and Torres v Tow Motor Div. of Caterpillar (77 Civ 1810, US Dist Ct, EDNY, Nov. 18, 1977, Bramwell, J.); the Supreme Court, Kings County, case of Katz v Umansky (92 Misc 2d 285); and the Supreme Court, Queens County, case of Wallace v Target Store (92 Misc 2d 454). Finally, the court has studied the well-reasoned article by Dean McLaughlin in the New York Law Journal (New York Trial Practice, NYLJ, Dec. 9, 1977, p 1, col 1).
Having thus carefully considered the alternatives, this court must align itself with the "realistic approach”. It must take the New York Court of Appeals at its face value, when it states in Donawitz (supra, p 142) that "we do not reach or consider the assertion * * * that in restricting Seider-Simpson to resident plaintiffs there is a constitutional inhibition grounded on the denial of equal protection.” The United States Supreme Court in Shaffer (supra, p 212) concluded "that all assertions of state-court jurisdiction must be evaluated according to the standards set forth in International Shoe and its progency.” Chief Judge Fuld, in Simpson v Loehmann (21 NY2d 305, 311) considered the International Shoe (326 US 310) test and in upholding the Seider doctrine, stated: "The historical limitations on both in personam and in rem jurisiction, with their rigid tests, are giving way to a more realistic and reasonable evaluation of the respective rights of plaintiffs, defendants and the State in terms of fairness. (See, e.g., International Shoe Co. v. Washington, 326 U.S. 310; McGee v. International Life Ins. Co., 355 U.S. 220; Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N Y 2d 443.) Such an evaluation requires a practical appraisal of the situation of the various parties rather than an emphasis upon somewhat magical and medieval concepts of presence and power. Viewed realistically, the insurer in a case such as the present is in full control of the litigation; it selects the defendant’s attorneys; it decides if and when to settle; and it makes all procedural decisions in connection with the litigation. (See, e.g., Thrasher v. United States Liab. Ins. Co., 19 N Y 2d 159, 167.) Moreover, where the plaintiff is a resident of the forum State and the insurer is present in and regulated by it, the State has a substantial and continuing relation with the controversy. For jurisdictional purposes, in assessing fairness under the due process clause and in determining the public policy of New York, such factors loom large.”
*367 This court cannot help but agree with that analysis. Contrary to the position taken by the court in Wallace v Target Store (92 Misc 2d 454, supra), it is this court’s view that the insurance policy is at the heart of plaintiff’s cause of action. Plaintiff seeks no personal jurisdiction over the defendant. Plaintiff’s moving papers state that he has been informed "that the said carrier is willing to discuss this occurrence, and possible negotiations for a settlement of the claim, but refuses to confirm the amount of the coverage involved herein, except orally stating that the coverage is $20,000.” Defendant’s opposition asks that "the application * * * be denied by reason of the doctrine of forum non conveniens.” This argument is specifically rejected since any hardship experienced by the witnesses in appearing at a New York trial cannot be greater than the loss sustained by the plaintiff in his individual capacity.
The court must again refer to Mr. Justice Marshall’s decision in Shaffer (433 US 186, 210, supra) wherein he recognizes "that a State in which property is located should have jurisdiction to attach that property, by use of proper procedures, as security for a judgment being sought in a forum where the litigation can be maintained consistently with International Shoe. See, eg., Von Mehren & Trautman 1178; Hazard 284-285; Beal, supra, n. 18, at 123-124.”
The court therefore concludes, as did Judge Dooling in O’Connor v Lee-Hy Paving (437 F Supp 994, 1004) "that Shaffer does not require rejection of Seider v. Roth and Simpson.” At bar, the jurisdiction being exercised is one in favor of a resident owner. That resident is being granted the right to sue a defendant who is insured by a company doing business in this State. Said defendant is being given sufficient notice of the lawsuit and the judgment rendered herein will quite likely not prejudice the named defendant’s right to again try the issues if she is sued for the amount over and above any recovery had based on this Seider attachment. This procedure may not be used to obtain a preference in the distribution of inadequate coverage in those cases having multiple claims and claimants. (See Minichiello v Rosenberg, 410 F2d 106; Farrell v Piedmont Aviation, 411 F2d 812.) In sustaining jurisdiction in the case at bar, this court has adhered to the policy considerations enumerated in Shaffer, while continuing to cloak the insurance companies with anonymity in keeping with the legislative policy of New York, *368 which has not sanctioned direct action cases against the insurance carriers, and with Judge Jasen’s concurring opinion in Donawitz (42 NY2d 138, 147, supra), which notes that the Court of Apepals has "never said that Seider was, in fact, a judicially created direct action statute.”
Accordingly, it is the judgment of this court that an order of attachment shall issue against the property of defendant Ford in compliance with the applicable sections of the CPLR.