■ ANNE GUREWITSCH, an Infant, by Her Father and Natural Guardian, STANLEY GUREWITSCH, et al., Respondents, v J & L RANDALL LTD., Appellant, and B. ALTMAN & Co., Respondent.—Order, Supreme Court, New York County, entered July 19, 1978, denying a motion by attorneys for the Phoenix Assurance Company, Ltd., to vacate an order purportedly attaching a policy of insurance written by it, unanimously reversed, on the law, and the motion granted, with one bill of costs. Anne Gurewitsch, an infant, allegedly sustained an eye injury while playing with a toy known as the "Merit Knitting Dolly." The toy was manufactured by J & L Randall Ltd. (Randall), a corporation with its principal place of business in Potters Bar, Herefordshire, England. It was sold in New York City by B. Altman & Co. Randall was insured by the Phoenix Assurance Company, Ltd. (Phoenix-U. K.), a corporation organized under the laws of Great Britain in 1782, with principal offices in London, England. Phoenix-U. K. owns the major number of shares of Phoenix Assurance Company of New York (Phoenix-N. Y.). The board of directors and the general operations, including underwriting activities of Phoenix-N. Y., are controlled and managed by the Continental Insurance Company (Continental Insurance), a minority shareholder of Phoenix-N. Y. Continental Insurance is a 25% shareholder of Phoenix-U. K. which in turn is a 1% shareholder in the Continental Corporation. Continental Corporation is a holding company and shareholder of Continental Insurance. Phoenix-N. Y. has not acted as an agent for Phoenix-U. K. Phoenix-U. K. does not own a controlling interest in the Continental Corporation or Continental Insurance. Neither Randall nor Phoenix-U. K. maintains offices, solicits, advertises, or does business in the State of New York. Phoenix-U. K. is not authorized by the New York State Department of Insurance to engage in insurance activities in New York. Gurewitsch purportedly served process upon Randall by attaching the contractual obligations of Phoenix-U. K. as part of the Continental Insurance group. Randall moved to vacate the order of attachment, and a hearing was held before Justice Ascione to determine the issue of jurisdiction over Randall and Phoenix-U. K. The court found jurisdiction to attach the contractual obligations of Phoenix-U. K. towards Randall, and denied the motion to vacate the order of attachment. The court's conclusion was based upon "the substantial 20% interest of Continental Corporation in movant [Phoenix-U. K.] and the joint-venture, inter-company partnership relationship that movant has with the Continental Corporation, along with movant's almost complete ownership of Phoenix NY (which is part of the Continental Insurance Group)".* We would reverse and grant the motion to vacate the

---

* Judge Helman's order confirmed the findings of the hearing court.

order of attachment. The contractual duty of an insurer to defend its insured constitutes an attachable debt within the meaning of CPLR 5201 and 6202 *(Seider v Roth,* 17 NY2d 111; *Donawitz v Danek,* 42 NY2d 138). However, in order for the attachment to take effect, the insurer should be doing business in New York (see *Donawitz v Danek, supra,* pp 140-141; *Neuman v Dunham,* 39 NY2d 999; *Simpson v Loehmann,* 21 NY2d 305, 308; see, generally, 7A Weinstein-Korn-Miller, NY Civ Prac, par 6202.14). Phoenix-U. K. does not maintain an office in New York, is not authorized to do business by the New York State Department of Insurance, and does not solicit in New York. In short, it does not do business here. The ownership of some of its shares by another New York corporation is insufficient to bring it within our attachment provisions *(Shaffer v Heitner,* 433 US 186, 216), and, accordingly, the order of attachment should have been vacated. Concur —Sandler, J. P., Bloom, Lane, Markewich and Ross, JJ.