■ MODINE MENEFEE, as Administratrix, et al., Respondents, v FLOYD AND BEASLEY TRANSPORTATION COMPANY, INC., et al., Appellants, et al., Defendant. — In a negligence action to recover damages for personal injuries and wrongful death, defendants Floyd and Beasley Transportation Company, Inc., and Frank Fleaman appeal from an order of the Supreme Court, Nassau County (Young, J.), dated January 5, 1982, which denied their motion for summary judgment. Order affirmed, without costs or disbursements. Defendants Floyd and Beasley Transportation Company and Fleaman are granted leave, in accordance herewith, to renew their 1975 motion, if they be so advised. This action arose from a 1973 automobile accident in the State of Alabama which resulted in five deaths. Plaintiffs' decedents were passengers in a vehicle owned by James Frazier and operated by James Earl Bumpers, Sr., which collided with a vehicle owned by defendant Floyd and Beasley Transportation Company, Inc. (Floyd) and operated by defendant Fleaman. At the time of the accident, two of the deceased passengers (James Earl Bumpers, Jr., and Deborah Sue Bumpers) were residents of New York. The other passengers were residents of the State of Rhode Island. Modine Menefee, a New York resident, is the administratrix of all the decedents except Frank Milton Smith, whose estate is represented by W. Eugene Motter, a resident of Rhode Island. Defendants Floyd and Fleaman are Alabama residents. Plaintiffs commenced this action by utilizing the *Seider v Roth* doctrine (17 NY2d 111), attaching the automobile liability insurance policy issued by defendant Floyd's insurer. After service was effectuated, defendants Floyd and Fleaman moved in 1975 to dismiss the complaint, alleging, *inter alia,* that the court lacked personal jurisdiction over them (see CPLR 3211, subd [a], par 8). The moving papers alleged, *inter alia,* that as the objective of the *Seider* doctrine was to protect New York residents, *Seider* should not be extended to encompass the claims of the Smiths, who were Rhode Island residents. The moving defendants asserted that under no theory may the actions on behalf of the Smiths be maintained. The answering affirmation of plaintiffs' counsel argued that a foreign plaintiff had the same right to avail himself of *Seider* as did a New York plaintiff. Special Term denied the motion. After the decisions of the United States Supreme Court in *Rush v Savchuk* (444 US 320) and the Court of Appeals in *Gager v White* (53 NY2d 475), defendants Floyd and Fleaman moved for summary judgment upon the theory that their objection to jurisdiction founded upon attachment of the liability insurance policy was preserved by appropriate motion. Special Term denied the motion. We note that the moving defendants did not object by appropriate motion to the assertion of in rem jurisdiction predicated upon attachment of the policy by the representative of the estates of the New York decedents (the Bumpers). As the record is devoid of any indication that such objection was raised in the answer, objection on this ground was waived (see *Gager v White,* 53 NY2d 475, *supra*). With regard to

the argument raised in the 1975 moving papers that the *Seider* doctrine should not be utilized by the estates of nonresident decedents (the Smiths), we note that this question does not involve the retrospective application of *Rush v Savchuk* (444 US 320, *supra*). Subsequent to the 1975 motion but prior to *Rush,* the Court of Appeals in *Donawitz v Danek* (42 NY2d 138) declined to extend the *Seider* doctrine to a case involving a nonresident plaintiff and a nonresident defendant arising out of alleged acts of negligence in another State. As defendants Floyd and Fleaman have not moved for summary judgment based upon the retrospective application of *Donawitz,* we decline to rule at this time on the possible applicability of that case to the facts at bar, where the estates of some of the nonresident decedents are represented by a New Yorker and the estate of one nonresident decedent is represented by a Rhode Island resident. In affirming we grant leave to appellants to raise this issue by means of a renewal of their 1975 motion, if they be so advised. Bracken, J. P., Brown, Niehoff and Rubin, JJ., concur.