■ MODINE MENEFEE, as Administratrix of the Estates of NORVELLA SMITH and Two Others, Deceased, et al., Appellants,

et al., Plaintiffs, v FLOYD AND BEASLEY TRANSPORTATION COMPANY, INC., et al., Respondents, et al., Defendant. — In a negligence action to recover damages for personal injuries and wrongful death, plaintiffs appeal from an order of the Supreme Court, Nassau County (McGinity, J.), dated June 1, 1983, which, upon renewal of the motion of defendants Floyd and Beasley Transportation Company, Inc., and Frank Fleaman to dismiss the complaint insofar as asserted by the personal representatives of the estates of the plaintiffs' decedents Norvella Smith, Keith Smith and Frank Milton Smith, granted said motion.

Order affirmed, with costs.

Plaintiffs are the personal representatives of the estates of five persons who were killed in an automobile collision in Alabama in 1973. Two of the decedents resided in New York State; the remaining three, Norvella Smith, Frank Milton Smith and Keith Smith, were residents of Rhode Island. Plaintiffs commenced this action in 1975 by utilizing the now discredited doctrine of *Seider v Roth* (17 NY2d 111). They attached the automobile liability insurance policy issued by the insurer for the respondent Floyd and Beasley Transportation Company, Inc., the owner of the vehicle which had collided with a car in which the decedents were passengers, and which covered respondent Frank Fleaman, the driver of that vehicle (see *Menefee v Floyd & Beasley Transp. Co.*, 89 AD2d 1011).

In September, 1975 the respondents moved to dismiss the complaint as against them, arguing, *inter alia,* that attachment under *Seider v Roth* (*supra*) could not be utilized on behalf of nonresident plaintiffs. By order dated April 29, 1977, that motion was denied by Special Term (Berman, J.).

In 1981, following the United States Supreme Court's decision in *Rush v Savchuk* (444 US 320), the defendants Floyd and Beasley Transportation Company, Inc., and Fleaman moved for summary judgment dismissing the complaint on the ground that *Seider* attachment was no longer a valid basis for jurisdiction. Special Term (Young, J.) denied that motion, and this court affirmed, on the ground that those defendants had not preserved this objection by answer or preanswer motion (*Menefee v Floyd & Beasley Transp. Co.*, 89 AD2d 1011, *supra*). However prior to *Rush,* the Court of Appeals had also ruled that *Seider* jurisdiction was indeed unavailable to a nonresident plaintiff if the action had no other connection to this State (*Donawitz v Danek,* 42 NY2d 138). Because the moving defendants did not specifically raise the *Donawitz* issue in the 1981 summary judgment motion, we left open the question of whether they had properly

preserved that objection in their original preanswer motion to dismiss in 1975, and granted them leave to renew that motion (*Menefee v Floyd & Beasley Transp. Co., supra,* p 1012).

The respondents thereupon renewed their 1975 motion to dismiss the complaint insofar as asserted by the personal representatives of the nonresident decedents on the authority of *Donawitz v Danek (supra),* on the ground that those plaintiffs could not use a *Seider* attachment. Special Term decided that the original motion of the respondents had indeed raised this objection and thereby preserved it, and accordingly it dismissed the complaint insofar as asserted by the personal representatives of the nonresident decedents (i.e., the Smith decedents). We affirm.

We note that the residence of a decedent, rather than that of his or her personal representative, is controlling as to whether a plaintiff estate is a resident of New York State (see EPTL 11-4.1, 13-3.5, subd [a]; *Farrell v Piedmont Aviation,* 411 F2d 812, cert den 396 US 840). We also agree that defendants' original motion papers were "sufficiently particularized * * * to apprise the plaintiff[s] of [the] nature [of this objection] with sufficient clarity to avoid prejudice" (*Gager v White,* 53 NY2d 475, 489, cert den *sub nom. Guertin Co. v Cachat,* 454 US 1086). Plaintiffs' reliance on the case of *Tomaszewski v Cleveland* (55 NY2d 852) is misplaced since the defendants there failed to preserve their objection to *Seider*-based jurisdiction either by answer or preanswer motion (CPLR 3211, subd [e]; see *Tomaszewski v Cleveland,* 103 Misc 2d 355, affd 81 AD2d 1018, revd 55 NY2d 852, *supra*). O'Connor, J. P., Brown, Lawrence and Eiber, JJ., concur.