**In re CLOUGH ENTERPRISES, INC., Debtor.**

**Bankruptcy No. 85–70.**
**Adv. No. 85–0059.**

United States Bankruptcy Court,
D. Vermont.

Oct. 7, 1985.

Christopher Corsones, Rutland, Vt., for debtor, Clough Enterprises, Inc.

Stephen Cosgrove, Rutland, Vt., for Vermont Nat. Bank.

Timothy N. Maikoff, Rutland, Vt., for trustee, David Robinson.

Timothy J. Wells, White River Junction, Vt., for Qualitad Sales Corp.

## FINDINGS AND ORDER

FRANCIS G. CONRAD, Bankruptcy Judge.

This adversary proceeding came before the Court on the motion of the debtor, Clough Enterprises, Inc. ("Clough"), to avoid the fixing of a lien on a bank account maintained in a local Vermont bank. The judgment lien creditor, Qualitad Sales Corporation ("Qualitad"), opposed the motion. The Trustee joined the proceeding and moved in opposition to all parties to recover the account for the estate.

For the reasons stated, we hold that the trustee may recover the funds held by Vermont National Bank ("VNB").

Clough maintained two accounts with VNB. The first, a general account, was used in the ordinary course of business to receive revenues and pay expenses. The second, entitled "Clough Enterprises, Inc.," was treated as a "payroll account." Clough's payroll, for purposes of disbursement and accounting, was maintained by ADP, a computerized payroll service. Mr. Clough, president of Clough, was the sole authorized signatory on this second account.

The evidence elicited by Clough showed that it was the debtor's practice to deposit in the "payroll account" every week enough to cover net payroll, payroll deductions, and expenses. When ADP was ready to issue the payroll checks, the "payroll account," by contractual agreement, was reduced by an amount equal to gross payroll and employer payroll expenses. This was done by debit memo, check or draft against the "payroll account." The transferred funds were then credited to another account in the sole custody and control of ADP.

On April 4, 1985, VNB was served by Qualitad with a "Summons to Trustee in Satisfaction of Judgment," pursuant to Rule 4.2(d) of the Vermont Rules of Civil Procedure. The "Summons to Trustee in Satisfaction of Judgment," dated March 28, 1984, derived from a judgment obtained by Qualitad against Clough in Rutland District

Court on January 30, 1985. It is not clear from the evidence whether a levy on execution was attempted or whether disclosure by the trustee, VNB, was made pursuant to V.R.C.P. 4.2(f). In any event, all parties stipulated at trial that VNB was holding, as trustee, the sum of $1,595.11 in account number 24015928 in the name of "Clough Enterprises, Inc."

On April 8, 1985, believing that the "payroll account" could not be subject to levy, Mr. Clough directed the debtor's bookkeeper to make the weekly payroll deposit into the "payroll account." VNB, having received notice of the trustee process, did not allow the "payroll account" to be reduced by an amount sufficient to cover the weekly payroll. Learning of the account deficiency, ADP stopped payment on the weekly payroll checks. On April 15, 1985, the debtor filed for liquidation in bankruptcy.

It is quite clear that the "payroll account" served as a conduit, a temporary repository to ensure that sufficient funds were available for payroll disbursement. Ownership of the funds in the "payroll account" before any transfer to the ADP account remained with the debtor. Since no transfer to ADP's account seems to have taken place, the funds in Clough's "payroll account" belonged to the debtor and were subject to trustee process under Rule 4.2 of the Vermont Rules of Civil Procedure.

The post-judgment trustee summons was served on VNB on April 4, 1985. The evidence reveals that the "payroll account" was overdrawn by $4.89 on that day. Clough's bookkeeper deposited funds on April 8, 1985, however, within the time for disclosure required by the summons. Under 12 V.S.A. § 3013:

"The goods, effects or credits of the defendant which are in the hands of such trustee at the time of service of the writ upon him, or *which come into his hands or possession before disclosure* (emphasis added), shall thereby be attached and held to respond to final judgment in the cause ..."

The deposit on April 8, 1985 comes within the intended scope of 12 V.S.A. § 3013. The application of the statute gives Qualitad no claim to the funds except what it acquires by trustee process, which operates as an attachment. *Hartford Life Insurance Co. v. Weed and Hunt,* 75 Vt. 429, 431, 56 A. 97 (1903). The trustee process against the "payroll account" changes the character of Qualitad's unsatisfied judgment once there is a lien against the funds by operation of the trustee process as an attachment. See *State v. Rogers,* 123 Vt. 422, 426, 193 A.2d 920 (1963). This lien created an inchoate right in Qualitad to the detriment of other creditors.

The inchoate right that arose under the lien created by the trustee process looks like an indirect transfer of an interest of the debtor in property. If this transfer is one within the scope of 11 U.S.C. § 547(b), then it is a transfer that may be voided by the trustee.

Under 11 U.S.C. § 547(b), in order to avoid a transfer to a non-insider of an interest of the debtor in property, five criteria must be met. The transfer must be:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owned by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made on or within 90 days before the date of the filing of the petition; and

(5) one that enables the creditor to receive more than the creditor would receive if the case were a liquidation case, if the transfer had not been made, and if the creditor received payment of the debt to the extent provided by the provisions of Title 11.

On the evidence, requirements (1), (2), and (4) are clearly satisfied. No evidence was presented on requirement (3), which is thus governed by the presumption of insolvency in 11 U.S.C. § 547(f). An unrebutted presumption establishes the presumed fact as a matter of law. F.R.E. 301; *United States v. Ahrens,* 530 F.2d 781 (8th Cir. 1976). Finally, taking notice of the file in this case, the Court finds that this is a "no

assets" case, fulfilling requirement (5). Consequently, we find the inchoate interest that arose under 12 V.S.A. § 3013 is a transfer within the meaning of 11 U.S.C. § 101(48) and the trustee in bankruptcy is therefore entitled to recover from VNB for the benefit of the estate.

Accordingly,

It is ORDERED that the trustee may recover from Vermont National Bank the amount of $1,595.11, plus any interest accruing on the account and less any service charges.