■ MODINE MENEFEE, as Administratrix of the Estate of NORVELLA SMITH and Others, et al., Respondents, v FLOYD AND BEASLEY TRANSPORTATION COMPANY, INC., et al., Appellants, et al., Defendant.—In an action to recover damages for personal injuries based on negligence and wrongful death, the defendants Floyd and Beasley Transportation Co., Inc., and Frank Fleaman appeal from an order of the Supreme Court, Nassau County (Velsor, J.), dated July 18, 1986, which granted the plaintiffs' motion to set aside a jury verdict as against the weight of the evidence, and directed a new trial as against them.

Ordered that the order is reversed, on the law, with costs, the verdict is reinstated, and the complaint is dismissed as against the appellants.

This action arose from an August 2, 1973 automobile accident which resulted in five deaths. The plaintiffs' decedents were passengers in a vehicle owned by Frazier Bumpers and operated by James Earl Bumpers, Sr., which collided at the intersection of Highway 5 and County Road 32 in the State of Alabama, with a truck owned by the defendant Floyd and Beasley Transportation Co., Inc. (hereafter F & B) and operated by the defendant Frank Fleaman (hereafter Fleaman). All of the passengers in the Bumpers vehicle died as a result of the collision (i.e., James Earl Bumpers, Jr., Deborah Sue Bumpers, Norvella Smith, Rev. Frank Milton Smith and Keith Smith).

At the time of the accident, two of the deceased passengers (James Earl Bumpers, Jr., and Deborah Sue Bumpers) were residents of New York. The other passengers were residents of Rhode Island. Modine Menefee, a New York resident, is the administratrix of all the decedents except Rev. Frank Milton Smith, whose estate is represented by W. Eugene Motter, a resident of Rhode Island. F & B and Fleaman are Alabama residents.

The instant action was commenced by utilizing the doctrine of *Seider v Roth* (17 NY2d 111), by attaching the automobile liability insurance policy issued by F & B's insurer. Thereafter, service was effectuated, pursuant to court order, by delivery of the summons and complaint on F & B and Fleaman by certified mail, return receipt requested.

In September 1975, F & B and Fleaman moved to dismiss the complaint as against them, alleging, *inter alia,* that the

court lacked quasi-in-rem and in personam jurisdiction. The moving papers alleged, *inter alia,* that the *Seider* doctrine was only intended to protect New York residents in claims against nonresident defendants and could not be extended to encompass the claims regarding the Smith decedents, who were Rhode Island residents. The moving papers also alleged that with respect to the claims brought on behalf of all of the decedents (including the Bumpers decedents), the court lacked personal jurisdiction because "no personal service" had been made upon either F & B or Fleaman. The affirmation in opposition by the plaintiffs' counsel argued that a nonresident plaintiff had the same right to avail himself of *Seider* as did a New York plaintiff. The plaintiffs' counsel, however, did not challenge the defendants' assertion that personal jurisdiction was lacking. The court (Berman, J.), denied the motion, stating that quasi-in-rem jurisdiction had been properly invoked. The court noted, however, that "the filing of an answer by the defendant will not thereby subject them to in persona *[sic]* jurisdiction."

Thereafter, in 1980, the United States Supreme Court, in *Rush v Savchuk* (444 US 320), declared that the use of *Seider* attachments for the purpose of obtaining quasi-in rem jurisdiction was unconstitutional as violative of due process. Following *Rush,* the New York Court of Appeals in *Gager v White* (53 NY2d 475), held that *Rush* would be applied retroactively to vitiate quasi-in rem jurisdiction, provided that the objection to quasi-in rem jurisdiction had been preserved by appropriate motion or affirmative defense.

In 1981, the appellants moved for summary judgment dismissing the complaint, asserting that their objection to quasi-in-rem jurisdiction had been properly preserved, and therefore they were entitled to the retroactive application of *Rush (supra).* The court denied the motion because the appellants in their 1975 preanswer motion did not explicitly challenge the *Seider* attachment as being unconstitutional. By order dated September 27, 1982, this court affirmed *(see, Menefee v Floyd & Beasley Transp. Co.,* 89 AD2d 1011). We noted, however, that the appellants' 1975 motion had been made prior to the Court of Appeals decision in *Donawitz v Danek* (42 NY2d 138), which declined to extend the *Seider* doctrine to a case involving a nonresident plaintiff and a nonresident defendant arising out of alleged acts of negligence in another State. Since the appellants had not moved for summary judgment upon the retroactive application of *Donawitz,* this court granted

them leave to raise the issue by means of a renewal of their 1975 motion.

In 1982, the appellants renewed their motion in accordance with this court's decision, and the Supreme Court granted the motion and dismissed the complaint with respect to the Smith decedents, finding that *Donawitz (supra)* should be applied retroactively and that those decedents' residence, and not the residence of the estate representatives, was controlling. By order dated December 24, 1984, this court affirmed, and leave to the Court of Appeals was denied *(see, Menefee v Floyd & Beasley Transp. Co.,* 106 AD2d 556, *lv denied* 64 NY2d 612).

Thereafter, the action continued as to the other decedents (James Earl Bumpers, Jr., and Deborah Sue Bumpers, as the appellants had not challenged the *Seider* attachment with regard to them). Jury selection began in April 1986 and trial was scheduled for April 30, 1986. On April 30, 1986, a conference was held in the court's chambers prior to the opening statements of counsel, and, at that time, the plaintiffs' counsel argued for the first time that *all* of the decedents had obtained in personam jurisdiction over the defendants. He maintained that the defendants were served personally pursuant to 49 USC former § 321 (c) (now § 10330 [b]) and that since the defendants never made specific reference to a defect in service under 49 USC former § 321 (c) in their 1975 motion to dismiss or in their answer, any defense of lack of personal jurisdiction had therefore been waived. The plaintiffs' counsel argued that the prior orders dismissing the complaint with respect to the Smith decedents only addressed the issue of the *Seider* attachment and not personal jurisdiction. The Judge agreed, and the case proceeded to trial.

After the trial, but before the jury rendered its verdict, the defendants settled with the administratrix of the estates of the Bumpers decedents. The Smith decedents, however, remained in the case. The jury then returned a verdict finding that the appellants were negligent, but that their negligence was not the proximate cause of the accident. Thereafter, the administrators of the Smith decedents' estates moved to set aside the verdict as against the weight of the evidence, and that motion was granted. This appeal ensued.

We note at the outset that it was error for the trial court to reinstate the Smiths' claims against the appellants since those claims had been dismissed by a Justice of coordinate jurisdiction in 1983, and that dismissal was affirmed by this court *(Menefee v Floyd & Beasley Transp. Co., supra).*

In any event, the complaint, insofar as asserted on behalf of the Smith decedents, should be dismissed, since they never validly obtained personal jurisdiction over the appellants. Contrary to the assertions by the plaintiffs' counsel, the issue of lack of personal jurisdiction was properly preserved in the appellants' 1975 preanswer motion. The appellants were not required to make specific reference to a defect in service under 49 USC former § 321 (c) in their motion, and it was sufficient that they asserted that there was no personal jurisdiction because they had not been personally served (see, Rich v Lefkovits, 56 NY2d 276). Moreover, there was indeed a defect in service under 49 USC former § 321 (c) since, contrary to the assertions of the plaintiffs' counsel, that statue does not authorize service of process directly to the motor carrier by certified mail, return receipt requested. While that method of service was ordered in this case back in 1975, it was ordered in connection with the order of attachment which served as the basis for quasi-in-rem jurisdiction, and not in connection with the Federal statute. Mangano, J. P., Brown, Lawrence and Spatt, JJ., concur. [See, 84 Misc 2d 547.]